## C. F. SHUFORD v. STATE.

No. A-191.   Opinion Filed December 20, 1910.

1.   **INFORMATION—Duplicity—Intoxicating Liquors—Distinct Offenses.** (a) An information or indictment should charge but one offense, and where it is attempted to charge two separate offenses in an information or indictment, although they may be set out in separate counts, such information or indictment is bad for duplicity.

(b) If a defendant sells intoxicating liquors to two persons at the same time, such sales constitute but one transaction, and the indictment or information may allege the sale of such intoxicating liquors to both of said parties in the same count; and proof of a sale to both or either of them will authorize a verdict of guilty.

(c) If a defendant sells intoxicating liquors to two separate persons on different occasions, each sale will constitute a separate offense, and such sales can not be included in the same information or indictment, although they may be charged in separate counts.

(d) Selling intoxicating liquor and having possession of intoxicating liquors with intent to sell the same are separate and distinct offenses and can not be joined in the same, information or indictment.

2.   **JURY—Setting Aside Panel—Grounds.** Where a motion to set aside the panel of the jury on account of the bias and prejudice of the officer who summoned said jurors, and also upon the further ground that the officer who summoned said jurors did not select said jurors from the body of the county, it is error

4 Cr.—33

to allow another officer at the suggestion of the officer who had first summoned the panel to call the same jurors back into the jury box.

(Syllabus by the Court.)

*Appeal from Love County Court; G. H. Montgomery, Judge.*

Appellant was convicted of a violation of the prohibitory liquor law of the State, and his punishment was assessed at a fine of $50 and imprisonment in the county jail for a period of 30 days. Defendant appealed. Reversed.

*Eddleman & Graham,* for appellant.—On grounds for setting aside panel of jury: *Harjo v. United States,* 1 Okla. Cr. 590; *People v. Brasquez* (Cal.) 99 Pac. 282.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, PRESIDING JUDGE. 1. The information in this case contains three counts: the first charging the sale of intoxicating liquor to Pete Wallace; the second charging the sale of intoxicating liquor to Robert Thompson; the third charging the defendant with having in his possession intoxicating liquors with intent to sell the same. If the defendant did sell intoxicating liquors to Pete Wallace and Robert Thompson in one and the same transaction, then but one crime would have been committed, and the information should have alleged in one count the sale to Pete Wallace and Robert Thompson, and proof of such sale to either of such parties would have sustained the information; but if the defendant sold intoxicating liquors to Pete Wallace and Robert Thompson on different occasions, so as to constitute separate transactions, then such sales would constitute separate and distinct offenses, and they could not be joined in the same information, either in one count or two counts. The third count charges defendant with having in his possession certain intoxicating liquors, with intent to sell the same. This is an entirely distinct and separate offense from that of selling intoxicating liquors, and we have repeatedly held that these separate offenses can not be joined in one and the same information. The information in this case is therefore bad for duplicity.

2. Upon the trial of this case it appears that the defendant made a motion to set aside the panel of the jurors upon two grounds: first, that said jurors were not summoned from the body of the county; second, on account of the bias and prejudice of the officer who summoned said jurors. The motion to set aside the panel of the jury was sustained by the trial court. Another officer was directed to summon a new panel. Whereupon the officer who had first summoned the panel said to the officer who was directed to summon the second panel: "Get them before they leave the house." Thereupon the officer who was directed to summon the second panel immediately began calling the same panel which had been set aside, and nine of the jurymen originally summoned on the first panel were placed back on the second panel. The defendant then renewed his motion to set aside the panel, based upon the facts above stated, which motion was by the court overruled, which was duly excepted to by the defendant. In this there was error. If the first panel had been improperly summoned, setting it aside and directing the officer who summoned the second panel to call the same persons back into the jury box, the same objections upon which the first panel had been set aside would apply with equal force to the second panel, and therefore the defendant's motion to quash the second panel should have been sustained.

We have decided all of the questions presented in this case so often that we do not deem it necessary to cite authorities.

The judgment of the lower court is therefore set aside and the case remanded, with direction to the county court to set aside the indictment upon the ground of duplicity.

Proceedings against the defendant, both for selling intoxicating liquor and for having intoxicating liquor in his possession with intent to sell the same, should be instituted, but the information or informations should be drawn in conformity with the views herein expressed.

DOYLE and RICHARDSON, JUDGES, concur.