T. W. PRITCHETT v. STATE.

No. A-1538. Opinion Filed June 14, 1913.

Appeal from Craig County Court;

S. F. PARKS, Judge.

</div>

T. W. Pritchett was convicted of violating the prohibitory law, and appeals. Reversed.

James S. Davenport, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., and J. S. Estes, for the State.

PER CURIAM. Thhe plaintiff in error was convicted upon an information, the charging part of which is as follows: "T. W. Pritchett, did in the county and state aforesaid, on the date aforesaid, willfully and unlawfully sell, barter, give away and furnish one pint of spirituous liquors, one pint of vinous liquor, one pint of fermented liquor, one pint of malt liquor, one pint of imitation of spirituous liquor, one pint of imitation of vinous liquor, one pint of imitation of fermented liquor, one pint of imitation of malt liquor, one pint of a substitute for spirituous liquor, one pint of a substitute for vinous liquor, one pint of a substitute for fermented liquor, one pint of a substitute for malt liquor, one pint of compound which contained more than one-half of one per centum of alcohol and which was capable of being used as a beverage, to one Louis R. Harris, contrary", etc.

Upon his trial he was found guilty and sentenced to be confined in the county jail for thirty days and to pay a fine of fifty dollars. Of the various alleged errors it is only necessary to consider the one, that the information is bad for duplicity, and that the court erred in overruling the demurrer of plaintiff in error. An information which charges two or more separate and distinct offenses, not based upon the same transaction, is bad for duplicity, and a demurrer thereto on this ground should be sustained. The plaintiff in error is charged in one count with the sale of intoxicating liquors and also with the sale of an imitation or substitute for intoxicating liquor which contained more than one half of one per centum of alcohol, and which was capable of being used as a beverage.

In the case of Bonitzer v. State, 4 Okla. Cr. 354, 111 Pac. 980, it is said that an information or indictment must charge but one offense, but when the same acts may constitute different offenses and the proof may be uncertain as to which of the two or more offenses the accused may be guilty, the different offenses may be set forth in separate counts in the same indictment or information, and that in such cases the information or indictment must show on its face that the separate counts all refer to the one and the same

transaction. This in effect amounts to but one accusation.. Even where it would be permissible to charge different offenses in the same information or indictment upon the ground that they are all based upon one and the same transaction, this must be done in separate counts. In other words, it is a direct violation of the statute under any circumstances to chafge two offenses in the same count. For error in overruling the demurrer of plaintiff in error to the information, the judgment is reversed.