## JASPER WHEATCRAFT v. STATE.

No. A-5191. Opinion Filed Nov. 14, 1925.
Rehearing Denied Nov. 28, 1925.
(240 Pac. 753.)

M. D. Hartsell, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

EDWARDS, J. From a conviction in the county court of Muskogee county on a charge of selling whisky, the plaintiff in error, hereinafter called defendant, has appealed.

This case presents a somewhat remarkable state of facts, which, briefly stated, are about as follows: The defendant with his wife and children lived near the town of Haskell. On the 9th day of December, 1923, a deputy sheriff, with three other persons specially deputized, with a search warrant went to the home of the defendant, and two of them stopped about a quarter of a mile away and waited, and two others drove to the house, and according to the evidence of the state purchased one gallon and one quart of whisky, paying for it $12.50. Immediately thereafter the deputy sheriff and the other person specially deputized came up and informed the defendant that they had a search warrant and intended to search the premises. They went into the house for that purpose, and when just within the house a difficulty arose, a number of shots being fired by the officers, and the defendant and his wife were each shot and seriously wounded. After the melee the defendant and his wife were taken to the hospital. A search of the premises was not made.

The matter of the attempted search and the shooting affray are not particularly pertinent, except as throwing light on the transaction, and as showing the interest or affecting the credibility of the witnesses. The witnesses for the state testify that they purchased the whisky from the defendant. The defendant, testifying in his own behalf, denied that he made the sale, and two other persons who came to the premises just before the shooting, testified they did not observe the delivery of whisky by the defendant.

The contention is made that the information upon which defendant was tried is insufficient. The charging part of the information is as follows:

"Now comes Wm. A. Green, the duly qualified and acting county attorney, in and for Muskogee county, state of Oklahoma, and gives the county court of Muskogee county, state of Oklahoma, to know and be informed that Jasper Wheatcraft did, in Muskogee county and in the state of Oklahoma, on or about the ninth day of December in the year of our Lord one thousand nine hundred and twenty-three, and anterior to the presentment hereof, commit the crime of selling intoxicating liquor, selling spirituous, vinous, fermented, malt, and intoxicating liquor, in the manner and form as follows, to wit: That the said Jasper Wheatcraft, in the county of Muskogee, state of Oklahoma, on the 9th day of December, 1923, did knowingly and unlawfully sell spirituous liquor, vinous liquor, fermented liquor, malt liquor, and intoxicating liquor, to wit, one gallon and one quart of whisky, to Bill Knott and V. S. Argue for $12.50, contrary," etc.

—it being argued that the allegation that defendant sold spirituous liquor, vinous liquor, fermented liquor, malt liquor, and intoxicating liquor, renders the information duplicitous. The various designations of liquor as spirituous, vinous, fermented, malt, and intoxicating are specifically alleged to be one gallon and one quart of whisky. Those terms are merely descriptive of the specific allegation of whisky. The information is not duplicitous by reason of the use of those descriptive words. This case is clearly distinguishable from Pritchett v. State, 9 Okla. Cr. 733, 132 P. 1197. Descriptive averments become material only when they involve the merits of the case. Certainly the information upon this point informs the accused of the offense with which he is charged with sufficient particularity to enable him to prepare for his defense, and with sufficient particularity that, if convicted or acquitted, he could defend himself against a further charge for the same offense.

It is also urged that the allegation that the sale was made to Knott and Argue renders the information duplicitous. The contention is not tenable. The charge is that the sale was made to Knott and Argue; the proof sustains

it. There is but one transaction. The sale to two or more persons may be charged as in the information before us. Shuford v. State, 4 Okla. Cr. 513, 113 P. 211.

It is next contended that the trial court erred in overruling the challenge for cause of the defendant to certain jurors who served in this case. Upon an examination of the jurors on their voir dire, it developed that several of them had served for more than two weeks, in violation of the provisions of section 3517, Comp. St. 1921, a part of which is as follows:

"* * * No juror shall be allowed to serve more than two weeks at one term, unless, at the end of such period, he is upon a panel engaged in the consideration of a case, in which event he may be excused when such case is terminated: Provided, that if the judge is of the opinion that the jury business of a term of court may be concluded within six days, he may require a jury, or a juror, to remain until the termination of said jury service, by entering an order to that effect upon the court journal; and this provision shall apply to both the district and county courts."

The statute was considered by this court in the case of Stuard v. State, 6 Okla. Cr. 94, 116 P. 204, where it was held that jurors falling within the inhibition of that statute were disqualified, but further holding that such objection could not be raised by motion to quash the panel, unless all members of the panel were alike disqualified, but that in such case the objection should be raised by a challenge for cause to the individual juror. In the instant case the objection was made by challenge for cause, but an examination of the record discloses that, of the three peremptory challenges allowed, the defendant exercised only one. The defendant then agreed that the case should be tried with the five jurors remaining in the box. This, we think, constitutes a waiver of this objection. Warren v. State, 6 Okla. Cr. 1, 115 P. 812, 34 L. R. A. (N. S.) 1121; Turner v. State, 4 Okla. Cr. 165, 111 P. 988; Hodges v. State, 16 Okla. Cr. 183, 182 P. 260.

The sufficiency of the evidence to support the verdict is questioned, but since the credibility of the witnesses and the weight and value to be given their testimony is a matter for the determination of the jury, and since there is abundant evidence, although conflicting, to sustain the verdict, we do not feel at liberty to disturb the verdict on the weight of the evidence.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.