## JACK SPENCER v. STATE.

No. A-8990.   March 13, 1936.
(55 Pac. [2d] 1049.)

24

Carmon C. Harris and H. M. Rowan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county of robbery with firearms and his punishment fixed at life imprisonment.

The evidence for the state is that at the time charged, in the east part of Oklahoma City, defendant with a pistol held up and robbed the grocery store of one M. L. Gaspar. He is positively identified by both Gaspar and his wife. Defendant admits he was in the vicinity at the time, but contends he was at a barber shop some five blocks away, and introduced evidence tending to prove alibi. There is testimony of statements made by defendant in the nature of a confession. The testimony is conflicting, but the evidence for the state amply sustains the judgment.

The first contention is that the court erred in permitting a witness, Stewart, whose name was not indorsed on the information nor served on defendant, to testify in rebuttal when he should have been used in chief. The testimony of this witness tends to prove an admission of guilt by defendant. It could have been used in chief, but, in view of the testimony of defendant and his evidence tend-

ing to prove an alibi, it was competent in rebuttal. The state cannot withhold the name of a witness whose testimony should be introduced in chief and in the guise of rebuttal avoid the requirement that the name of the wit ness be indorsed on the information or served on the accused. But this requirement does not prevent the use of a witness in rebuttal where he is called in good faith merely because his evidence or some part of it might have been introduced in chief. Tingley v. State, 16 Okla. Cr. 639, 184 Pac. 599. Only one objection is made to the testimony of this witness on the ground his testimony was not proper rebuttal, and this was if the accused had talked to him about hijacking a grocery store. Since defendant denied that he was at the store in question or had any connection with the robbery, this was proper rebuttal.

Next it is argued that a judgment imposing a life sentence for the robbery as shown and where no one received any personal injury or any serious threat of personal injury is excessive. Upon a consideration of the evidence, we are of the opinion the contention is justified; that the punishment assessed under all the circumstances is excessive. The judgment is modified by a reduction of the sentence from life imprisonment to a term of 15 years in the state penitentiary, and, as modified, the case is affirmed.

DAVENPORT and DOYLE, JJ., concur.