## J. D. YEARGAIN, Jr., v. STATE.

No. A-9633.  March 14, 1940.
(101 P. 2d 273.)

J. J. Smith and H. P. Walker, both of Miami, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and N. C. Barry, Co. Atty., of Miami, for the State.

BAREFOOT, J.   Defendant was charged in the county court of Ottawa county with the crime of unlawful possession of intoxicating liquor; was tried, convicted and sentenced to pay a fine of $50, and to serve a term of 30 days in the county jail, and has appealed.

For reversal of this case it is urged:

First:   The error of the court in not permitting defendant a reasonable time in which to prepare his defense after his regular attorney was shown engaged elsewhere in court and defendant was compelled to procure another attorney.

Second: Error of the court in admitting any evidence in the case and refusing to suppress evidence upon proper motion.

The motion for continuance was filed on the 5th day of December, 1938, the day the case had been set for trial, and was as follows:

"Comes now J. D. Yeargain, Jr., and being duly sworn says that he is the defendant in the above entitled causes, that he is unable to proceed with the trial of these cases at this time, which are now set for trial on the 5th day of December, 1938, for the reason that Keith Smith, an attorney of record for the said defendant, is now engaged in a term of court in Delaware county and will be for the next ten to fifteen days which is no fault of this defendant and said attorney, Keith Smith, having already arranged for the trial of the causes in said Delaware county will be unable to proceed to trial in the above styled causes in this court at this time."

The record does not reveal that this motion was presented and acted upon by the court, nor was any exception taken in any way by the defendant to any action taken by the court with reference thereto.   It also reveals that an information was filed in the county court of Ottawa

county against the defendant on the 14th day of April, 1938. That on the same date he was arraigned and was served with a copy of the information, and given 24 hours in which to plead. On October 7, 1938, the case was set for trial on October 18, 1938. On October 11, 1938, a motion was filed by defendant to disqualify the trial judge. This motion was heard and overruled on the 17th day of October, 1938, and an order was entered continuing the case from October 18, 1938, to December 5, 1938. The attorney who was present and represented the defendant at the time this motion was presented was Hon. H. P. Walker, the same attorney who represented him at the trial on December 5, 1938.

Defendant then filed an original action for writ of mandamus in this court praying that the county judge of Ottawa county disqualify himself in the trial of the case pending against defendant. In this proceeding he was represented by attorneys Mathers & Mathers, of Oklahoma City. This application was denied by this court on March 18, 1938.

On November 23, 1938, an order was entered resetting this case for December 5, 1938. On the 3rd day of December, 1938, a motion was filed for a change of venue, and on the 5th day of December, 1938, the same was overruled. The motion for continuance was then filed as above stated. It will be noted that in all the proceedings filed for continuance, there is nothing to show that Hon. Keith Smith was attorney for the defendant or ever had been. He was represented in the application to disqualify the trial judge which was filed on October 11, 1938, by attorney H. P. Walker. Mr. Walker was the attorney who represented him in the trial of this case, and was no doubt familiar with the facts of his case. No evidence was taken to support the motion for continuance, and in view of the facts

as above stated, and the law as announced by the former decisions of this court, we conclude that there was no error on the part of the court in refusing the continuance. Taylor v. State, 21 Okla. Cr. 351, 207 P. 746; Queen v. State, 23 Okla. Cr. 146, 212 P. 1021; Coffey v. State, 38 Okla. Cr. 91, 258 P. 923; Anderson v. State, 21 Okla. Cr. 193, 207 P. 977.

The next error is based upon the ruling of the court in permitting evidence to be offered, which was obtained by reason of the issuance and service of a search warrant to search defendant's automobile. The affidavit upon which the search warrant is based was directed against "John Doe, whose true name is to the plaintiff unknown." The automobile which was sought to be searched was described as follows, to wit: "A certain four-door Chevrolet sedan painted green and bearing Oklahoma 1938 license tag No. 607-740." It is argued that the officers knew the defendant and therefore should have inserted his real name in the affidavit and search warrant and not used the name "John Doe." Evidence was presented by defendant on the motion to suppress the evidence, and this evidence does not support the contention of defendant.

The officers testified that they knew and were acquainted with defendant, but did not know who owned the car which they were attempting to search, and which was described in the affidavit and search warrant, and did not know who had the title thereto. This search was directed against a certain automobile which was well described in the affidavit and search warrant, and was not against an individual. The officer who made the search evidently did not know who would be driving the same at the time it would be apprehended and searched. The evidence in the case bears this out. Three officers par-

ticipated in the search. One of them stationed himself at the top of an overpass for the purpose of identifying the car as described in the search warrant. By agreement with the other officers he signaled them when the car bearing the tag number and description used in the search warrant passed, and those officers stopped the car which defendant was driving. They ordered him out and searched his car and found 18 packages (four cases) of assorted brands of whisky and gin. Defendant was arrested and the charges against him are the result of the possession of this liquor.

From these facts it will be noted that the officers evidently had knowledge that the car described in the search warrant was being used for the transportation of liquor in violation of law. The evidence also revealed that whisky had been found therein prior to this, and that the officers knew the reputation of the defendant as one who was engaged in the violation of the prohibition laws of this state, as set forth in the affidavit to secure the search warrant.

Under the above statement we think there can be no doubt as to the sufficiency of the affidavit to secure the search warrant. It is contended that the search warrant did not direct whether the search should be made in the "daytime" or "nighttime"; that for this reason the evidence secured thereunder should be suppressed. The case of Denton v. State, 62 Okla. Cr. 8, 70 P. 2d 135, is cited to support this proposition. A careful reading of that case does not justify this conclusion. This decision states that it is the best practice under the statute, Oklahoma Statutes 1931, section 3230, 22 Okla. St. Ann., § 1230, for the officer to give the direction therein that it be served in the "daytime" or "nightime", but it does not hold that it is

necessary to do so. The search warrant in the instant case states: "You immediately search the premises described and designated in such complaint." There is nothing to show in the warrant the exact time of the day it was issued. The word "immediately" would mean within a reasonable time. It was searched the same day it was issued. The search of an automobile upon the highway is not as important as the search of the "home" or "place of business" of a citizen of this state. The affidavit for the search warrant was positive in its terms. As stated in Cornelius on Search and Seizure, sec. 148, p. 371:

"Where the search warrant contains no express direction to the officer to make the search during the daytime, it is not necessarily thereby rendered invalid, but it will be presumed that the officer shall know his duty."

The search warrant was issued on the 13th day of April, 1938, and the search, according to the testimony of the officers, was made on the same date. The deputy sheriff, in making his return on the warrant, by mistake made it the 14th day of March, when it should have been April. It is insisted this should void the warrant. This was merely a clerical error of the officer, and should not cause a reversal of this case. It is highly technical.

Finding no error in the record, we are of the opinion that the judgment of the county court of Ottawa county should be affirmed.

DOYLE, P. J., and JONES, J., concur.