# ODUS SWEAT v. STATE.

No. A-9797.   April 11, 1940.
(101 P. 2d 648.)

Fred E. LaRue, of Clinton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error was convicted upon an information charging that in Custer county on or about the 7th day of October, 1939, he did then and there commit the offense of forgery in the second degree, in manner and form as follows, to wit:

"That on or about the date aforesaid, in the County and State aforesaid, the said Odus Sweat did willfully, unlawfully, knowingly, wrongfully, feloniously and falsely, make, write and forge upon a consideration a certain written instrument, to-wit:

" 'Arapaho, Okla. Oct. 7, 1939 No.
  " 'Custer County State Bank
" 'Pay to the order of S. J. Sweat $8.85
Eight $^{85}/_{100}$ ———— Dollars
                                " 'T. E. Cloud
  " '(Endorsed S. J. Sweat; Melvin Lee)
"(Signature not genuine)

with the fraudulent intent of the said Odus Sweat then and there to defraud one Melvin Lee and C. R. Anthony and company a corporation, doing business in the City of Clinton out of merchandise and cash of the value of $8.85 good and lawful money of the U. S. the name of T. E. Cloud on said check being wrote, forged and signed by the said Odus Sweat without authority and consent of the said T. E. Cloud, contrary to," etc.

Upon the trial the jury returned a verdict finding the defendant guilty of forgery in the second degree, but was unable to agree upon the punishment.

Motions for a new trial and in arrest of judgment were overruled November 3, 1939, and rendering judgment on the verdict, the court sentenced the defendant

to confinement in the state penitentiary for a term of nine months and to pay the costs.

Several assignments of error question the sufficiency of the information.

It is contended that the court erred in overruling the defendant's demurrer to the information, and in not sustaining his objection to the introduction of evidence, and in overruling his motion in arrest of judgment.

The defendant demurred to the information for the following reasons, to wit:

"(1) That said information does not charge an offense under the statutes of the state of Oklahoma.

"(2) That more than one offense is attempted to be charged in said information and is therefore duplicitious.

"(3) That said information is so indefinite and uncertain that said defendant is unable to ascertain with what offense he is charged, if any."

It is said in the brief of counsel:

"We say the information does not include the elements of forgery in the second degree as defined 2d subdivision of section 2133, 21 Okla. St. Ann. § 1585.

"To say that the defendant forged a check is a mere conclusion of the pleader. They do not allege that the instrument in writing created a pecuniary demand or obligation. They should have plead it in the information, in the words of the statute or in words with similar meaning.

"It is too indefinite and uncertain to apprise the defendant of what he is charged. He could not tell under the information whether he was going to be tried for uttering a forged check to Melvin Lee, and obtaining his endorsement under section 2127, 21 Okla. St. Ann. § 1579, or whether he was going to be tried for selling, exchanging and delivering a forged check for a consideration to

C. R. Anthony Co. and under section 2125, 21 Okla. St. Ann. § 1577, or whether he was going to be tried for forging the name of T. E. Cloud to the check under section 2133 supra, or if he would be tried on all three of them."

The information in this case is based on Penal Code, section 2133, 2d subd., 21 Okla. St. Ann. § 1585, which reads:

"Every person who, with intent to defraud, falsely marks, alters, forges or counterfeits: * * *

"Second [2]. Any instrument of writing, being or purporting to be the act of another by which any pecuniary demand or obligation is, or purports to be created, increased, discharged or diminished, or by which any rights or property whatever, are, or purport to be, transferred, conveyed, discharged, diminished, or in any manner affected, the punishment of which is not hereinbefore prescribed, by which false marking, altering, forging or counterfeiting, any person may be affected, bound or in any way injured in his person or property, is guilty of a forgery in the second degree."

To constitute the offense of "forgery" the following three essential elements must exist:

There must be a false writing or alteration of an instrument; the instrument as made must be apparently capable of defrauding; and there must be an intent to defraud.

The essence of forgery is the making of a false writing with the intent that it be received as the act of another than the one signing it.

In a prosecution for forgery in the second degree, where the information sets forth the alleged forged instrument in full, and the instrument shows on its face, that it would, if it were genuine, be of some apparent

legal efficacy for an injury to a person other than the alleged forger, the information is sufficient to support a conviction. Boyer v. State, 68 Okla. Cr. 220, 97 P. 2d 779.

Demurrers and motions in arrest of judgment under our system of criminal pleadings are not favored if they relate to matters of form only and not to matters of substance.

A copy of the alleged forged check is set out fully in words and figures and speaks for itself. It is neither incomplete, unmeaning nor unintelligible, and needs no explanation to make it the subject of forgery, and the information is not open to the objection of duplicity in alleging the fraudulent intent to defraud the person and corporation named therein, and it is obvious that only a single offense is therein charged.

While the information might have been drawn which would have stated the charge against the defendant with greater fullness and precision, may well be conceded; but an objection on this ground cannot prevail if the substantial requirements of the law have been complied with, and this we think has been done in this information.

It follows from what has been said that the court did not err in overruling the objections to the sufficiency of the information.

Other assignments question the sufficiency of the evidence to sustain the conviction, and it is contended that the judgment should be reversed because it is not supported by sufficient legal and competent evidence.

The testimony to show the circumstances of the forgery was substantially as follows:

Melvin Lee testified that he lived in Custer county for 31 years, was acquainted with the defendant, met him

in Clinton, had a conversation with him around 4 o'clock, October 7, 1939. The defendant said he had a check on Gene Cloud and asked him if he knew anybody who would cash it; that he went to Anthony's Store with him to get the check cashed. After he identified the original check, it was introduced in evidence. He said it was the check he endorsed; that the defendant endorsed it, and he endorsed it. The clerk in the store took the check and the defendant bought some clothes and received the balance in money. Later he took up the check at Anthony's Store and presented it at the Custer County State Bank, at Arapaho, and was informed that the signature was not genuine, and he brought it to the county attorney and verified the complaint in this case.

T. E. Cloud testified that he has lived eight miles southwest of Arapaho, for the past 37 years, has known the defendant, Odus Sweat, four or five years, that he had worked for him three or four weeks ago and he paid him cash. Handed the original check he said the name on the bottom of the check, "T. E. Cloud," was not his signature. That he did not write any part of the check, nor authorize the defendant to write the check, nor did he authorize any one to write the check, or to write his name on it.

Buster Wilson testified that he was a clerk in the Anthony Store, at Clinton. The defendant came in the store with Melvin Lee, and he sold him some overalls and a shirt and he paid for them by check; State's Exhibit 1, was the check; that he saw the defendant write his name on the back of the check and Melvin Lee endorsed it.

Jim Murphy qualified as a handwriting expert. Handed the original check, he testified that in his opinion the

entire check was written by the person who endorsed the check "S. J. Sweat."

When the state rested the defendant moved the court to direct the jury to return a verdict of not guilty, for the reason that the evidence was insufficient to sustain the charge, in that if it tends to prove anything, it tends to prove a separate offense, to wit, the sale of a forged check, which motion was overruled, exception reserved.

There was no testimony offered on the part of the defense.

The rule is well settled that this court will not reverse a conviction upon the ground that the evidence is insufficient to sustain the same, unless there is no testimony in the record from which the jury could reasonably conclude that the defendant was guilty, there being no contention that the jury was influenced by improper motives in arriving at the verdict.

We think the testimony without any doubt is ample to sustain the conviction. Obviously, there was no variance between the information and the proof.

It appearing from the record that a fair and impartial trial was accorded the defendant, the judgment of the district court of Custer county herein is affirmed.

BAREFOOT and JONES, JJ., concur.