## LEE WITZEL v. STATE.

No. A-10968.   April 20, 1949.
(205 P. 2d 1173.)

W. C. Henneberry, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. Plaintiff in error Lee Witzel was charged by information with selling intoxicating liquor, waived a jury, was tried and convicted in the court of common pleas of Tulsa county and sentenced to pay a fine of $50 and costs, and imprisonment in the county jail for a period of 30 days. The charging part of the information is in words and figures as follows, to wit:

"That on the 11th day of July, A. D. 1947, and prior to the filing of this information in Tulsa County, State of Oklahoma Lee Witzel, in said County, and within the jurisdiction of this Court, did unlawfully, wilfully and wrongfully, sell certain intoxicating liquor, to-wit: three drinks of whiskey to one Jone (sic) Doe, Richard Roe and Richard Roe, whose true names are unknown, in violation of the prohibitory liquor laws of the State of Oklahoma, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State."

The defendant contends that the trial court erred in overruling his demurrer to the information for the reason that the said information was duplicitous, in that it charged the sale of three drinks of whisky to three different and distinct parties. He admits, however, that if one party paid for the three drinks it would constitute but one transaction. The evidence in this connection upon which the trial court overruled this contention is that given by Roy Rains, a deputy sheriff of Tulsa county, in words and figures as follows, to wit:

"By Mr. Risinger: * * * Q. What was he doing there, Roy? A. He was selling whisky. * * * Q. Tell the Court what you saw? A. Well, I saw him give a drink of whisky to two or three who were there and take a $5 bill from one of these men. Q. How do you know it was whisky? A. We poured it out of a bottle he had there and we confiscated all that whisky."

The defendant offered no evidence. Moreover, he admits that if one man paid for the three drinks, there would be but one transaction. In light of the foregoing evidence and the authorities, the trial court could reasonably reach no other conclusion. The court found defendant guilty and on September 20, 1947, imposed the judgment and sentence hereinbefore referred to. In Wheatcraft v. State, 32 Okla. Cr. 379, 240 P. 753, this court said:

"2. If a defendant sells intoxicating liquor to two persons at the same time, such sale constitutes but one transaction, and an information charging such sale to have been made to two persons is not duplicitous."

The charging part of the information therein reads:

" '* * * That the said Jasper Wheatcraft, in the county of Muskogee, state of Oklahoma, on the 9th day of December, 1923, did knowingly and unlawfully sell spirituous liquor, vinous liquor, fermented liquor, malt liquor, and intoxicating liquor, to wit, one gallon and one quart of whisky, to Bill Knott and V. S. Argue for $12.50, contrary,' etc."

In the body of the opinion this court said:

"It is also urged that the allegation that the sale was made to Knott and Argue renders the information duplicitous. The contention is not tenable. The charge is that the sale was made to Knott and Argue; the proof sustains it. There is but one transaction. The sale to two or more persons may be charged as in the information before us. Shuford v. State, 4 Okla. Cr. 513, 113 P. 211."

In Shuford v. State, 4 Okla. Cr. 513, 113 P. 211, this court held:

"(b) If a defendant sells intoxicating liquors to two persons at the same time, such sales constitute but one transaction, and the indictment or information may

allege the sale of such intoxicating liquors to both of said parties in the same count; and proof of a sale to both or either of them will authorize a verdict of guilty."

In light of the allegations of the information, the evidence of the case, and the foregoing authorities, the trial court was justified in finding that the sale of intoxicating liquor herein complained of constituted only one transaction. It did not commit error in overruling the demurrer to the information. Nor did the court commit error in overruling the demurrer to the evidence.

The defendant further contends that the trial court erred in finding defendant guilty without stating which of the persons mentioned in the information he was guilty of having sold the whisky to. In the absence of a request for a special finding of fact on the subject, the general finding of guilty raises the presumption that the trial court found from the evidence that the defendant had committed a single offense, namely, the unlawful sale of whisky to one or more persons in one and the same transaction. In this connection this court has held, in Nowlin v. State, 65 Okla. Cr. 165, 83 P. 2d 601:

"Alleged errors occurring during the progress of a trial, and not properly raised and presented in the court below, will not be considered on appeal."

Further the defendant complains that the information alleged that the drinks of whisky were sold to one "John Doe, Richard Roe and Richard Roe" whose true names are unknown, and that in support of such allegation the state offered no proof. In fact, no proof as to the identity of the purchasers or drinkers was offered by either side as to identity. The defendant contends that it was incumbent upon the state to prove the allegation that the names of these parties were unknown to the informant. This

146

contention is wholly without merit. In Moss v. State, 4 Okla. Cr. 247, 111 P. 950, 951, this court held:

"Where an information alleges that defendant sold intoxicating liquor to some person whose name is unknown to the informant, in the absence of any evidence on the question, the verity of the allegation that the name of the purchaser was unknown at the time of filing the information will be presumed."

4 Okla. Cr. at page 263, 111 P. at page 957, of said opinion the court said:

"If there is no evidence adduced by either side tending to show that the name was known at the time of filing the information, the presumption of the verity of the allegation becomes conclusive upon the court and the jury."

Such is the situation confronting us in the case at bar. For all of the above and foregoing reasons, the judgment and sentence of the trial court should be and the same is hereby affirmed.

JONES, P. J., and BAREFOOT, J., concur.