**L. D. McCORMICK, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

No. A–12003.

Criminal Court of Appeals of Oklahoma.

Nov. 24, 1954.

Rehearing Denied Feb. 2, 1955.

W. C. Henneberry, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error L. D. McCormick, defendant below, was charged by information in the district court of Osage county, Oklahoma, with the crime of Bribery of two public officials, to wit, Assistant County Attorney Cunningham and Deputy Sheriff Barger, which crime was allegedly committed on or about February 24, 1953. The case was tried by a jury, the defendant convicted, and his punishment left by the jury to the trial judge, who fixed the defendant's punishment at 4 years in the State Penitentiary; judgment and sentence was entered accordingly, from which this appeal has been perfected.

The first assignment of error urged by the defendant is that the trial court erred in refusing to grant a continuance on account of the illness of the defendant's principal attorney Walter Henneberry of Tulsa, Oklahoma, and in so doing abused its discretion. This contention is predicated on a motion supported by a doctor's affidavit to the effect that W. C. Henneberry of counsel, was compelled to submit to a major operation on May 7, 1953. On May 14, 1953 the defendant filed a motion for postponement of the trial set for the following day on May 15, 1953. The doctor's affidavit further states that Mr. Henneberry was advised that he should not return to work for an additional 3 weeks. This motion was presented to the trial court on trial date, the morning of May 15, 1953 without evidence to support it, and was overruled by the trial judge. It appears from the record herein that theretofore on March 2, 1953 a demurrer to the information was filed by Tillman & Tillman, attorneys of Pawhuska, and no other counsel appeared of record at that time. The first appearance of Mr. Henneberry, as reflected in the record, in the case occurs one day before the case was called for trial. Moreover in the record proper it appears that Tillman &

Tillman had been employed for defendant McCormick by Mrs. Perdue, McCormick's codefendant. This appointment occurred the morning after the defendant's arrest. These facts must be observed in the light in which they were considered by the trial court. This court will take judicial knowledge of the fact that Tillman & Tillman are among the state's leading and able criminal lawyers. Moreover the record discloses that under the circumstances the defendant was ably represented.

The authorities reveal that there are but two defenses to bribery; first, that the state's case fails to establish any of the essential elements of bribery and second, that the defendant was unlawfully entrapped to commit the bribery charged. 11 C.J.S., Bribery, § 4, p. 857. Mr. Henneberry of counsel urges solely on this appeal that while he is not critical in any way whatsoever of the manner in which the case was tried by Tillman & Tillman, he would have tried the case on a different theory. The record discloses in this regard that the defendant never at any time denied but, to the contrary, affirmatively asserted ownership of the money offered as a bribe in the case and as early as April 2, 1953 by his counsel Tillman & Tillman, 6 weeks before trial filed a motion for the return of the money, in which motion Mr. Henneberry did not participate as counsel. It is interesting to note that even now the defendant claims the money received by the officers and which is being held as evidence. The state's case prima facie established the bribe was paid in violation of Title 21, § 265, O.S.1951. It is thus apparent under the conditions herewith presented the defendant having claimed the money given as a bribe as his own, the only defenses open to him were that he had been entrapped by the state or induced to violate the law at the suggestion or artificial propagation by the officers, the victim being an otherwise innocent person lured into the commission of the crime. Finley v. State, 84 Okl.Cr. 309, 181 P.2d 849. On the theory of entrapment the case was strongly defended. Any other defense which might now be advanced by the defendant under the con-

ditions herewith presented would be an utter futility. The theory of what such a defense might be was not stated in the motion for new trial. We are left only to indulge in the rankest kind of unsubstantiated speculation of what this defense might be. The defense counsel Mr. Henneberry argued in support of this contention, outside the record at great length, that he was the defendant's counsel for years but we are not at liberty to consider matters not appearing of record. We do not doubt counsel's truthfulness of said assertion but, he well knows, we are confined to the showing of the facts in the record as to whether the trial court abused its discretion in denying the continuance.

In view of the fact the defendant had been represented by able resident counsel from the inception of the case, Mr. Henneberry's sudden appearance at the time of trial asking for a continuance gave the trial court little choice other than to assume that his employment under the conditions was for the sole and only purpose of securing delay. The motion was not accompanied by an affidavit or a deposition of Mr. Henneberry detailing the facts upon which he now relies. On such a basis we must consider the trial court's action in overruling the motion for continuance.

It has been repeatedly held that continuances are matters controlled by statute, Title 12, §§ 667, 668, O.S.1951, and are within the trial court's sound discretion, Title 22, § 584, O.S.1951, to continue causes for trial, Gillaspy v. State, Okl.Cr., 255 P. 2d 302, and absence of counsel is not a statutory ground but is a matter within the trial court's discretion. Yeargain v. State, 69 Okl.Cr. 98, 101 P.2d 273. This case bears factual similarity to the case at bar. Therein it was held that a denial of a motion for continuance was not an abuse of discretion. See also Waldock v. State, 42 Okl.Cr. 331, 338, 339, 276 P. 509:

"An application for a continuance on the ground of the absence of leading counsel is properly denied, where the defendant is duly represented by his other counsel. The defendant was rep-resented by able counsel, and the court did not err in overruling his motion for a continuance."

In the body of the opinion it is said quoting from Anderson v. State:

"In Anderson v. State, 21 Okl.Cr. [193], 194, 207 P. 977, in the sixth paragraph of the syllabus, this court said:

" 'Absence of counsel is not made on the statutory grounds for a continuance. If, however, the trial court's action in overruling an application based on this ground resulted in depriving defendant of the benefit of counsel, or even if it appeared from the record that defendant had a substantial defense to the charge which he was unable to present by reason of the absence of counsel, this court would unhesitatingly set aside a conviction' on the ground of 'failure to grant a reasonable continuance.'

" * * * The defendant was not only represented by counsel, but by able counsel, and from an examination of the record his rights during the trial were properly protected by his counsel. The action of the trial court in overruling the motion for continuance was not an abuse of discretion, and the motion for continuance was properly overruled."

Jones v. State, 8 Okl.Cr. 576, 129 P. 446; De Wolf v. State, Okl.Cr., 245 P.2d 107.

This defendant was not only represented by able counsel, but by counsel representing him solely as revealed by this record until the day before trial. His rights were protected by his trial counsel, admittedly without criticism, and the only logical defense to the facts herewith presented available to him was made, that of entrapment. True he contends his absent counsel would have tried the case on a different theory but he does not set forth the proposed defense in his motion for new trial. He leaves this court in the position of speculation as to whether the contention is made for the avowed purpose of a new defense, or for the purpose of another chance before another jury. We must

assume, as the trial court did, in the absence of showing of a valid defense that the real purpose is for delay and to gamble on the outcome before another jury. There would never be any end to litigation, if such practice was permitted. Such a precedent if established would open the door under such conditions to continuances predicated upon speculation and doubt. The trial court did not abuse its discretion in overruling the motion for continuance herein.

 The next contention urged by the defendant is that the trial court erred in that after both sides had rested the state was permitted to reopen its case to introduce the testimony of Sid Wilson for rebuttal but which he contends was not rebuttal but should have been offered as a part of the state's case in chief. In this connection it appears from the record the county attorney, Mr. Cunningham, had testified in chief that the defendant, Perdue and himself were in the cafe and that the defendant had made him the proposition of being willing to pay Cunningham and Barger for the release of Perdue and McCormick's brother. At that point McCormick nudged the county attorney and said, "There comes Sid Wilson and the other fellow. Get away. I don't want them to see us together". So the county attorney testified he went into the wash room. It also appears from the record that the defendant testified he did not know Sid Wilson. It further appears that he testified a couple of men drove up in front of the cafe while he was talking to Mr. Cunningham, the county attorney, in the Manhattan Cafe and that Cunningham got nervous, jumping around and told the defendant to go back to the filling station and he would call him. He said that Cunningham did call him and told him Sid Wilson had left and for him (McCormick), "to come on back down". It further appears in the testimony of Sid Wilson on direct examination that he was asked questions and gave answers establishing the proposition that earlier he and deputy sheriff Barger were in the cafe and saw both McCormick and Perdue watching them. The record discloses they were within 10 feet of one another. It also appears

that McCormick and Perdue left the cafe first. Later the officers left but returned again sitting in their cars in front of the Manhattan Cafe while Cunningham was inside of the cafe talking with defendant McCormick and Perdue. This in substance was the testimony offered by the state on direct examination by Sid Wilson as a rebuttal witness. It appears that the object of the state's testimony from Sid Wilson was to rebut the sworn testimony of the defendant McCormick that he did not know Wilson. We are of the opinion it is proper rebuttal testimony. The matter of reopening the case for the purpose of permitting this rebuttal was within the discretion of the trial court even after both sides had rested as herein. It has been repeatedly held that under such conditions unless a clear abuse of discretion appears no question is presented for review on appeal. Hall v. State, 68 Okl.Cr. 451, 99 P.2d 166. It has even been held that, it is discretionary with the trial court, in furtherance of justice, to permit evidence in rebuttal some part of which would have been competent evidence in chief. Spencer v. State, 59 Okl.Cr. 23, 55 P.2d 1049.

 It is further contended that the trial court should have permitted the defendant to rebut the testimony of Wilson. No such request was made by the defendant. Instead he asked, "to reopen his case for the purpose of putting on several additional witnesses". This request was denied. If the defendant had in mind rebutting the testimony of Wilson alone his request to reopen should have been so limited and should not have been general in nature involving the possibility of opening the case to a virtual retrial of the issue which had already been heard. In this regard we cannot say the trial court abused its discretion in refusing the defendant's general request to reopen.

 The next assignment of error relates to the proposition that the punishment is excessive. This contention is predicated upon the proposition that there is a conflict as to the manner in which the negotiations were opened, as to whether Cunningham or McCormick first mentioned

a bribe. Cunningham swears that McCormick suggested a bribe and McCormick swears that Cunningham suggested a bribe. It was for the jury to resolve the question of fact, which they have done against the defendant. Even though the evidence of the state and defendant was conflicting this was a question solely within the province of the jury to determine, as this court has repeatedly held, Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479, and in numerous other cases. The defendant then complains that Cunningham if he was first approached, could have prevented the crime by refusing to negotiate. This he could have done and by so doing he would have evaded his official duty in closing his eyes to an offer of bribery. The county attorney in no respect laid a trap as suggested by the defendant. The trap was laid by the defendant and sprung by the county attorney. If the county attorney had closed his eyes to the offer of a bribe he would only have emboldened the defendant in his practices and other prosecutors less courageous, and probably without the integrity of Cunningham, would have succumbed to his nefarious practice of undermining the administration of the law through the medium of bribes, in the consummation of his contempt for the law. The course pursued by the assistant county attorney, in this case alone, serves as a deterrent to bribe offerers, and not the course suggested by the defendant of winking at the bribe giver's endeavor to besmirch the pristine robes of justice, by manifesting indifference to an offer of bribery. This defendant and others will no doubt long consider such conduct in the future and possibly refrain because of this example of failure to defile law enforcement through the medium of bribes. Assuming this prosecution was brought under the provisions of Title 21, § 265, O.S.A. 1951, the maximum penalty in this case could have been 10 years and $5,000 fine, hence we cannot say that the penalty of 4 years imprisonment in the penitentiary was excessive, in the absence of a showing that the sentence was the result of passion and prejudice, Harvell v. State, Okl.Cr., 258 P.2d 702, which does not appear herein.

Finally the defendant urges that the information herein employed is duplicitous. In this connection he complains of instruction No. 11, which he says was predicated upon the proposition that the information charged defendant McCormick and Perdue jointly with the offense of bribery of both the Assistant County Attorney and A. L. Barger, deputy sheriff. He contends that both the information and instruction No. 11 were duplicitous in character in that they charge bribery of Cunningham and Barger which constitute separate and distinct crimes. He asserts that the instruction provides that if the jury found the money given by McCormick either alone or acting with another was given as a bribe to either or both Cunningham and Barger or Cunningham or Barger in their official capacities to influence them in their official conduct then the jury should find defendant McCormick guilty. It would only tend to unduly lengthen this opinion by setting out the information herein. It is sufficient that we have carefully examined the same and find that the information at no time charges or tended to charge two separate and distinct bribery transactions to Cunningham and Barger by McCormick but the information charges only one single bribe in the sum of $1,670 in a single transaction. The gist of the information in fact charges that McCormick and Perdue on or about the 24th of February 1953 while acting together "with knowledge of the official positions of Cunningham and Barger did knowingly", etc., "feloniously offer and promise and did actually pay over to Everett L. Cunningham," etc., a bribe of $1,670, "in consideration that the said assistant county attorney and deputy sheriff would cause and produce the release and discharge from the Osage county jail" of McCormick's brother and Forrester, as well as the release of a certain Ford automobile and 864 pints of intoxicating liquor seized therein while the same was being unlawfully transported, all of which was done "to influence the action" of Cunningham and Barger in their official capacities contrary to law, Title 21, § 265, O.S.1951. But one transaction was plead in the information and

but one transaction was referred to in instruction No. 11, the one occurring on or about the 24th day of February, 1953, between the defendant and Cunningham and Barger. We have resolved this issue not in light of any decisions involving bribery for none have arisen in Oklahoma where this precise question was presented. We know of no such cases; but on the basis of principles involved in other Oklahoma decisions where the informations were attacked for duplicity we find a complete answer to this contention. In the early case of Tucker v. State, 8 Okl.Cr. 428, at page 431, 128 P. 313, at page 315, which was a larceny case we find therein it was said:

"If the information alleged that the property of two owners was taken at the same time and by the same act, it would not be bad for duplicity, as it is held by the weight of authority that the larceny of property belonging to two or more persons at the same time and place and by the same act or transaction constitutes but one offense, and may be so charged in an indictment or information."

In Witzel v. State, 89 Okl.Cr. 142, 205 P.2d 1173, the defendant was charged with the sale of three drinks of whiskey for which one of the purchasers paid the seller. Therein it was related that counsel for the defendant (who is counsel on this appeal) admitted that if one man paid for the drinks there would be but one transaction. That decision was predicated on the holding in Wheatcraft v. State, 32 Okl.Cr. 379, 240 P. 753, wherein it was held:

"If a defendant sells intoxicating liquor to two persons at the same time, such sale constitutes but one transaction, and an information charging such sale to have been made to two persons is not duplicitous."

See also Shuford v. State, 4 Okl.Cr. 513, 113 P. 211. The principle announced in the foregoing cases is clearly applicable herein. There was but one bribe of $1,670 paid jointly to Cunningham and Barger alleged in the information, just as there was but one transaction alluded to in instruction No. 11. To hold otherwise herein would require gross inconsistency and a grave departure from the foregoing clearly applicable cases. The cases relied on by the defendant are not applicable to the situation at bar. For all the above and foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.

On Rehearing.

JONES, Presiding Judge.

 In the original opinion of this court by Judge BRETT, the statement appeared that the prosecution was brought under the provisions of 21 O.S.1951 § 265, wherein the maximum penalty that could be assessed was 10 years in the penitentiary and a $5,000 fine. That is the statute under which the prosecution could and probably should have been instituted. In the petition for rehearing, however, our attention has been directed to the instruction of the court wherein the court construed the information as having been brought under the provisions of 21 O.S.1951 § 381, and the jury was instructed in instruction number twelve that upon conviction the punishment could not exceed a term of 5 years in the state penitentiary or a fine not exceeding $3,000 and imprisonment in the county jail not exceeding one year. The case having been tried under this statute and the jury so instructed, we feel bound to adhere to the construction placed on such information by the trial court.

In this case, the jury left the punishment to be fixed by the trial court. When this court in the original opinion considered the question of the alleged excessiveness of the punishment, it was proceeding on the theory that the accused could have been given a maximum sentence of 10 years imprisonment in the penitentiary and a $5,000 fine.

In the petition for rehearing counsel again challenges the information on the ground of duplicity. The case of Bond v. State, 9 Okl.Cr. 696, 129 P. 666, not cited in the original opinion, is a case involving one alleged payment to four named individuals to influence their action in a certain matter and appears to be exactly in point

and we think is conclusive on the question of the alleged duplicitousness of the information. See also Sweat v. State, 69 Okl. Cr. 229, 101 P.2d 648.

In determining whether the punishment is excessive we are taking into full consideration the defectiveness appearing in instruction number eleven, and the absence of alleged leading counsel in the trial of the case and have come to the conclusion that the ends of justice require modification of the sentence which was imposed.

The judgment and sentence of the District Court of Osage County is therefore modified from a term of 4 years imprisonment in the state penitentiary to a term of 3 years imprisonment in the state penitentiary and the judgment and sentence as thus modified is affirmed. Mandate will issue immediately.

POWELL, J., concurs.