Herman Jessie CAROTHERS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12320.

Criminal Court of Appeals of Oklahoma.

June 27, 1956.

Hughes & Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Herman Jessie Carothers, defendant below, was charged by information in the County Court of Tillman County, Oklahoma, with the offense of operating a motor vehicle while under the influence of intoxicating liquor, the offense allegedly being committed in the said county and state on the twenty-third day of October, 1955. He was tried by a jury, convicted, his punishment fixed at a fine of $1 and thirty days in the county jail. Judgment and sentence were entered accordingly from which this appeal has been perfected.

■ The defendant presents but two propositions. The first is that the trial court permitted the defendant to be interrogated on cross-examination relative to former convictions in the police court for being drunk and reckless driving on prior occasions. This contention has been adversely decided to the defendant on a number of occasions among them being Wheatley v. State, 77 Okl.Cr. 122, 139 P.2d 809, wherein it was held:

"County attorney may not inquire of defendant on cross-examination as to petty convictions in municipal court where the same do not constitute offenses under the state law.

"County attorney may inquire of defendant on cross-examination, for the purpose of affecting his credibility, as to his convictions in police court for violation of municipal ordinances prohibiting the possession or sale of intoxicating liquors as the same constitute offenses under the state law and are crimes within contemplation of statute. 12 O.S.1941 § 381."

Chambless v. State, 90 Okl.Cr. 423, 214 P. 2d 947; Farley v. State, 93 Okl.Cr. 192, 226 P.2d 1002; Hathcox v. State, 94 Okl. Cr. 110, 230 P.2d 927.

, ■ Next, the defendant contends that the ocurt made improper remarks to the jury amounting to a comment on the evidence. An examination of the record discloses that this contention is without substantial merit. But, in any event, the record discloses that no objection was interposed and no exception saved to the remarks by the court and that the question is raised on appeal for the first time. Such objection to alleged error must be made in sufficient time to permit the trial court to rule thereon before action is taken and before the trial is ended. Johnson v. State, 1 Okl.Cr. 321, 97 P. 1059. Witzel v. State, 89 Okl.Cr. 142, 205 P.2d 1173, holds:

"Alleged errors occurring during the progress of a trial, and not properly raised and presented in the court below, will not be considered on appeal."

The appellate court in criminal cases cannot consider questions that were not raised in the trial court as authorized by statute, 22 O.S.1951 § 512, unless the errors assigned raise a jurisdictional question. Jennings v. State, 92 Okl.Cr. 347, 223 P.2d 562. The error complained of is not jurisdictional.

The judgment and sentence is accordingly affirmed.

POWELL, J., concurs.