## R. M. GAMBLIN v. STATE.

No. A-2436.    Opinion Filed May 20, 1916.

(157 Pac. 367.)

1.  **TRIAL—Argument of Counsel.** Argument of counsel outside of the evidence which is highly improper and intended or calculated to excite the passions and influence the minds of the jury against the defendant, should be properly checked upon objection made, and where the trial court overrules the defendant's objections and refuses to instruct the jury to disregard such statement, and it appears that such improper argument may have determined the verdict, a new trial will be granted.

2.  **APPEAL—Review—Discretion of Court.** In the trial of a criminal case, the taking of a recess that the state might procure the attendance of an absent witness is a matter within the sound discretion of the court and such order of the court will not be reviewed unless an abuse of discretion appears.

*Appeal from County Court, Stephens County;*
*J. W. Marshall, Judge.*

R. M. Gamblin was convicted of a violation of the prohibitory law and appeals. Reversed.

*Bond & Sandlin,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. This appeal is prosecuted from a judgment of the County Court of Stephens county, wherein the plaintiff in error was sentenced to pay a fine of one hundred dollars and to be confined in the county jail for thirty days.

The information charged that plaintiff in error, Mack Gamblin, unlawfully conveyed whisky from his residence in Duncan to a point on 8th street in said city.

The evidence for the state was substantially as follows:

P. M. Latham testified that he was standing with R. L. Pearson in Ray's wagon yard in Duncan and saw Mack Gamblin go from his barber shop down to his house and then start back and with Pearson he started after him and the defendant pulled three bottles out of his pockets and threw them down on the side walk and broke them; that the stuff in the bottles smelled like whisky.

R. L. Pearson, deputy sheriff, testified that he was with the witness Latham when they picked up the broken bottles and he smelt and tasted the stuff and "took it to be whisky from the way it smelled and tasted."

His cross examination was in part as follows:

"Q. Did you testify before the United States Commissioner at Chickasha in this same case against this defendant? A. Yes, sir.

"Q. Did you tell the United States Commissioner that you tasted this stuff? A. No sir.

"Q. Didn't you tell the commissioner that it smelt like whisky but a very little? A. I might have told him that.

"Q. And you are sure you did not tell him that you tasted this stuff? A. No sir, he did not ask me that question.

"Q. Didn't he ask you how you knew it was whisky? A. He asked me if it smelt like whisky.

"Q. Didn't he ask you if you would swear that it was whisky? A. I don't believe that he asked that question.

"Q. And on your evidence and the evidence of the other witnesses the Commissioner refused to bind this defendant over? A. Yes sir.

"The Court: The objection is sustained.

"Q. Didn't the United States Commissioner at the time of that trial tell Mack Gamblin that he thought he was a boot-legger? A. Yes, sir.

"Defendant objects to remark of County Attorney.

"The Court: Sustained. The jury will not consider the last question and answer."

The defendant moved the court to direct a verdict of acquittal on the ground that the evidence was insufficient to establish the commission of the offense charged. Which motion was overruled and exception allowed.

For the defendant Mrs. Ellen Gamblin testified that she was the wife of the defendant R. M. Gamblin; that on the morning in question he returned from the barber shop to his home and got three bottles of hair tonic; that her husband makes and sells hair tonic. That she was present when R. L. Pearson testified as a witness before the U. S. commissioner against her husband on this same charge and the commissioner asked Mr. Pearson if he tasted the stuff that was in the bottles and Mr. Pearson answered "No I did not taste it."

Mrs. Lena Langston testified that she and her husband roomed at the Gamblin home and that when the defendant returned to his house that morning she saw him take two or three bottles of hair tonic with him when he left; that she and Mrs. Gamblin helped him to make the hair tonic. That she was present and heard R. L. Pearson testify in this case on the federal charge before the United States commissioner "and the commissioner asked him how he knew it was whisky and he said it smelled like whisky, and the commissioner asked him if he tasted it and he said he did not taste it."

R. L. Pearson recalled as a witness for the defendant testified that he searched the defendant's house that morning for whisky and did not find any but did see some bottles in a cabinet in the kitchen but could not say that there was not hair tonic in the bottles. James Taylor testified that he was a barber working in the defendant's shop. That the defendant made and put up

hair tonic that it was made of sage tea, salt and enough alcohol or whisky to preserve it.

As a witness in his own behalf R. L. Gamblin, the defendant testified that he had been engaged in. the barber business in Duncan for about fifteen years; that he made and sold hair tonic and used it in his barber shop, and in the summer time put a tablespoonful of whisky or alcohol in it to preserve it. That he had sold it in that community for more than ten years. That the bottles he broke that morning contained hair tonic and did not contain whisky; that he broke the bottles because he believed the officers would arrest him if the tonic contained as much as a spoonful of whisky and that he did not know what they might do. That on his hearing before the U. S. commissioner on a federal charge, based on the same facts in this case R. L. Pearson as a witness for the government in answer to the direct question said "he did not taste it."

The first assignment of error is that the court erred in excusing the jury after a jury was sworn.

It appears from the record that after the jury had been impaneled and sworn to try the case the court against the objection of the defendant suspended the trial and took a recess that the state might procure the attendance of an absent witness. It further appears that about thirty minutes later the absent witness having appeared the trial proceeded.

The precise question here presented was passed upon by this court in the case of *Havill* v. *U. S.*, 5th Okla. Cr. 334, 115 Pac. 119, wherein it was held that the suspension of the proceedings in a trial is within the sound discretion of the trial court, and such order of the court will not be reviewed unless an abuse of discretion appears.

It is claimed the private counsel assisting the county attorney was guilty of such misconduct in his closing argument to the jury as to call for reversal of the judgment.

From the record it appears that the special prosecutor in his closing address to the jury used the following language: "The

next time you will get some other bootlegger up here they will be citing him to this bootlegger and asking why they don't go down on Main street and get him." To which remarks of Mr. Bridges who assists in the prosecution of this case, the defendant objects and excepts. Which objection is overruled by the court and exception allowed. Defendant moves the court to instruct the jury not to consider the statement of Mr. Bridges in referring to this defendant as a bootlegger. Which motion is by the court overruled and exception allowed. "Which remarks and exceptions thereto was one of the ground of the motion for a new trial."

In a close case like this we think that the rulings complained of were erroneous and constitute reversible error. Counsel for the state must confine their argument to a fair discussion of the issues in the case and when improper remarks are made by stating facts not in evidence or by appealing to the passions and prejudice of the jury the strength of the testimony against the defendant will be considered, and if the improper argument may have determined the verdict, a new trial will be granted.

*Watson* v. *The State,* 7th Okla. Cr. 590, 124 Pac. 1101;

*Mulkey* v. *The State,* 5th Okla. Cr. 76, 113 Pac. 532.

Obviously the remarks of the private prosecutor in this case were highly improper as there was not a scintilla of testimony tending to show that the defendant was a bootlegger and the court erred in refusing to properly charge the jury with reference to the matter when requested so to do by counsel for the defendant. Under these circumstances the defendant cannot be said to have had a fair and impartial trial. It follows that the judgment should be and the same is hereby reversed.