## A. W. CURRY v. STATE.

No. A-8442. Dec. 16, 1932.
(17 Pac. [2d] 521.)

Morton Perry, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of the crime of driving an automobile while intoxicated and under the influence of intoxicating liquor, and was sentenced to serve a term of six months in the state penitentiary.

The testimony on behalf of the state tends to show that defendant was driving north on Hudson street, in the city of Oklahoma City, and at the intersection of Ninth and Hudson collided with a car driven by Jewell Shipman. Officer J. M. Mabe testified that when he, in com-

pany with Webb Campbell, arrived where the collision had taken place, some one was assisting the defendant to stand; Mabe says he put the defendant in the police car and took him to the police station, and that defendant was intoxicated and under the influence of whisky. The other officer did not pay any attention to defendant's condition as to being drunk or sober.

The defendant denies he was intoxicated, and stated he had not taken a drink since early morning. In the defendant's car was an empty bottle which seems to have contained whisky. Two ladies that had driven in defendant's car to the Ritz Dance Hall testified that defendant ate dinner at their home and was there from about 8 o'clock in the evening until the time they left home for the Ritz Dance Hall, and that the defendant did not drink anything from the time he came to their house until they left him at the dance hall.

The testimony is conflicting. The defendant urges that the evidence is insufficient to support the verdict of the jury. It is the province of the jury to determine the credibility of the witnesses, the weight and value of the evidence, and to settle all conflicts in the testimony. When by its verdict the jury has done this, and the trial court has approved it, this court will not set aside the judgment for the insufficiency of the evidence unless there is no competent evidence from which the jury could reasonably arrive at defendant's guilt, or unless it affirmatively appears that the jury was influenced by improper motive in arriving at the verdict. The evidence is sufficient to sustain the judgment.

The case is affirmed.

EDWARDS and CHAPPELL, JJ., concur.