## FRED WALLACE v. STATE.

No. A-8791. May 17, 1935.
(45 Pac. [2d] 164.)

Hughes & Hughes, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was by information charged with murder, was convicted, and his punishment fixed at life imprisonment in the state penitentiary, at McAlester, Okla.

The testimony of the state shows the shooting occurred on a public street in the city of Hobart, in what is known as the negro section of the city. The killing occurred on Sunday night, the 27th of July, 1930. The proof shows the defendant armed himself with a Winchester rifle, and went out on the street near what is known as a Holiness negro church, while services were being conducted. There were several persons around the defendant, and one or more of them suggested to him to give them the Winchester, or to go and put it up, and defendant said he would not put the gun up; that he had it there for his protection; that his brother had gone after his gun, and threatened to do him great bodily harm or kill him.

The deceased, who was a police officer in the city of Hobart, was informed of the disturbance in the negro section, and went out to investigate; he drove his car up to where the defendant was standing surrounded by the crowd, and as deceased walked up to the crowd some of the witnesses say he said, "What in the hell is going on?" and others say he said, "What is going on here?" The deceased was armed with a pistol; when defendant saw deceased coming toward the crowd, he raised his rifle and

fired at deceased, the first shot going in the ground in front of him, and the second shot hitting deceased in the arm, causing a wound which severed a main blood vessel, from which wound a few hours later the deceased died.

The defendant in his testimony admits having a Winchester rifle, having gone out on the streets of the city, and stated he had it for the purpose of protecting himself against the threats of his brother; that when the deceased came up in the crowd he saw the gun in his hand, but he did not recognize the deceased as being an officer, but thought it was his brother or some one going to do him great bodily harm; and that he fired at the deceased in order to prevent him from shooting any one.

The defendant states positively that he did not know whom he shot until after the shooting was over. The testimony shows that the ball fired by the defendant entered the right arm or wrist of the deceased, and passed on up cutting a main artery, and passed out of his arm. The defendant after the shooting remained on the street for some time and then went into a place of business or house and got another Winchester, and came out with two Winchester rifles, and then said to a party who had driven up in his car and left the lights burning to turn off the lights. This is in substance the testimony.

Twelve errors have been assigned by the defendant alleged to be sufficient to warrant this court in reversing his case. The first and second errors will be considered together as they have been argued by the defendant in his brief. That the verdict of the jury is not sustained by sufficient evidence, and is contrary to law. The defendant alleges that a careful study of the entire record of the evidence in this case will show that there was no intention on the part of the defendant to inflict a mortal

wound on any person at the time the fatal shot was fired, and particularly that he did not intend to harm Al Trentham, the deceased.

The defendant was violating the law when he appeared on the public streets of the city with a loaded Winchester; he had no right to be there with the Winchester even though he was anticipating trouble; his duty was to go to his home and remain there so as not to come in contact with the party he insists had threatened to take his life, or do him great bodily harm. Counsel for the defendant, with a great deal of force, argues defendant was an expert shot, that he had been trained for army service in the World War. This argument presented by counsel for the defendant is not altogether borne out by the record, as some of the testimony shows that when he fired the first shot it went into the ground, and the second shot was the fatal shot, which struck the deceased in the arm.

The testimony as disclosed by the record shows that the defendant had been drinking; that he had armed himself with a Winchester rifle, and went out on the public streets of the city of Hobart, where a number of people were passing back and forth, and near where religious services were being held. That a number of friends tried to get him to put his gun away and he refused to do so, evincing a desire to further violate the law by shooting some one with the Winchester rifle that he had in his hand. Every act of the defendant, as shown by the testimony, from the time he appeared on the street in the city of Hobart until he fired the fatal shot indicated that he was not only violating the laws of the state by unlawfully carrying the Winchester rifle on the streets of Hobart, but that he was there for the purpose, if necessary, of taking

the life of some one. Section 2587, O. S. 1931, is as follows:

"Persons shall be permitted to carry shotguns or rifles for the purpose of hunting, having them repaired, or for killing animals, or for the purpose of using the same in public muster or military drills, or while traveling or removing from one place to another, and not otherwise."

That he did not give up his gun when requested to do so by his friends, but remained on the street until the officer approached and asked what was going on, then defendant immediately raised his gun and fired; the first shot going into the ground, the second shot striking the deceased in the arm.

We deem it needless to further discuss the actions of the defendant or his purpose of being on the streets with a loaded Winchester. We hold that the evidence is amply sufficient to sustain the verdict of the jury.

The next question to be considered by this court is, Did the court properly instruct the jury as to the law applicable to the facts in this case?

The defendant urges that the court erred in instructions 4 and 5. That the court misdirected the jury upon the question of law. The first paragraph of the fourth instruction is a correct statement of the law as applied to the question of the guilt or innocence of the defendant of the crime of murder. In the second paragraph of the fourth instruction there is an inaccurate statement of the court, which is not borne out by the record, in which paragraph the instruction advises the jury the fact the defendant "did wrongfully and unlawfully shoot the said Al Trentham but without a design to effect his death, and that at the time of and immediately prior to the said shooting the defendant was carrying upon or about his person

a pistol or revolver, and that because of the said shooting the said Al Trentham did die, then your verdict should be that the defendant is guilty of manslaughter in the first degree, unless you should find and believe, or have a reasonable doubt that the homicide was committed in self-defense, within the rules hereinafter laid down for your guidance."

The only incorrect statement in the second paragraph of this instruction is, the court used the words pistol or revolver, when all the testimony shows the defendant was carrying a Winchester rifle.

It has been universally held by this court that the giving of an instruction on a degree of homicide of which the defendant was not convicted is not erroneous where the instruction of the court on the degree of which the defendant was convicted was correct. Musgraves v. State, 48 Okla. Cr. 418, 292 Pac. 376.

The defendant relies upon Mulkey v. State, 5 Okla. Cr. 75, 113 Pac. 532, 533, wherein the court said:

"It is error in a court in a homicide case to give to the jury instructions which are not relevant to the evidence and which may mislead the jury to the prejudice of the defendant."

Mulkey v. State, supra, is a correct interpretation of the law applicable to the facts in the Mulkey Case. However, there is nothing in the fourth or fifth instruction of the court in this case that in any way whatever tends to mislead the jury to the prejudice of the defendant.

The fact that the court used the words pistol or revolver in its instruction to the jury when the defendant appeared upon the street does not prejudice the defendant's rights, for the reason that all of the testimony shows

that the defendant was on the street with a Winchester rifle, and the defendant admits that he had a Winchester rifle, therefore the inaccurate statement by the court, in using the words pistol or revolver in its instructions, could in no way whatever prejudice the rights of the defendant, in view of his admission as to the kind of gun he used in shooting the deceased.

The next and only question presented by the defendant is the question attempted to be raised as to improper remarks made by the county attorney in his argument to the jury. The defendant in his argument insists that the court erred when he permitted the county attorney to make an unfair and wholly unwarranted argument to the jury in the trial of his case wherein the defendant alleges the county attorney called the jury's attention to the fact that the defendant was of bad character, or otherwise he would have shown his good character. Citing Mulkey v. State, 5 Okla. Cr. 75, 113 Pac. 532, to sustain his contention that the argument made by the county attorney was such an error as to warrant this court in reversing this case. With this contention we do not agree.

In Davis v. State, 7 Okla. Cr. 322, 123 Pac. 560, this court said:

"A conviction will not be reversed for alleged misconduct of the prosecuting attorney, unless this court can say that the prosecuting attorney was not only guilty of misconduct, but that such misconduct might, in some degree, have influenced the verdict against the defendant."

The statements of the county attorney are not reported by the court reporter, nor did the court make a specific ruling upon the question raised by the defendant. The question of the misconduct of the county attorney is raised by an objection of the defendant.

The remarks of the county attorney, objected to as improper, will be considered by this court and construed in reference to the evidence, and in order to constitute reversible error the improper remarks indulged in must be such as might have influenced the jury. Carr et al. v. State, 43 Okla. Cr. 271, 277 Pac. 1038.

In this case there is not a word of evidence that tends to mitigate the crime charged against the defendant. The officer was called to the scene of the trouble for the purpose of quelling the disturbance, which disturbance was caused and brought on by the defendant. The defendant, intoxicated at the time, was carrying a loaded Winchester rifle on the streets of the city and making open threats to kill or to do bodily harm to some one. When the deceased appeared on the scene, the defendant shot him in utter disregard of human life or the rights of the people upon the streets of the city.

The evidence is sufficient to sustain the verdict and judgment. There are no errors in the record warranting a reversal. The defendant was accorded a fair and impartial trial. The court correctly advised the jury as to the law applicable to the facts. The judgment is affirmed.

EDWARDS and DOYLE, JJ., concur.