## G. W. DONAHO v. STATE.

No. A-8895. Nov. 8, 1935.
(51 Pac. [2d] 348.)

Sam J. Goodwin and Haskell Paul, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, G. W. Donaho, herein referred to as the defendant, prosecutes this appeal to reverse a judgment of conviction and sentence entered in accordance with the verdict, fixing his punishment at imprisonment in the penitentiary for the term of one year and one day, under an information in the usual form charging him with having in Garvin county on August 24, 1934, feloniously stolen, taken, and carried away about 600 pounds of loose broom corn, of the value of $60, the personal property of Lige Moseley.

Error is assigned on alleged misconduct on the part of the prosecuting attorneys in their arguments to the jury, and that the verdict is contrary to the law and the evidence.

It appears from the evidence that the prosecuting witness Moseley lives eleven miles south of Lindsay. On Tuesday he had some broom corn threshed and placed in Jim Crawford's shed. The following Friday he left home. Returning the next day, Jim Crawford said some of his broom corn had been taken. He called the sheriff that evening, and Sunday morning with Jim Crawford drove

along the highway finding a few heads of broom corn, after going five or six miles the sheriff joined them. When they reached the home of the defendant, they passed on but could not find any more broom corn. Returning to the defendant's place, there Moseley identified his broom corn in the defendant's shed. They took this broom corn against the will and without the consent of the defendant, and hauled it back to Moseley's place.

The prosecuting witness positively identified the loose broom corn taken from the defendant's shed as his property. On cross-examination he stated that more than one hundred tons of broom corn had been hauled over that road, but he knew each stalk picked up along the road was his broom corn.

Jim Crawford testified: That he threshed broom corn for Mr. Moseley, and put it in his shed, altogether seven or eight tons. That he missed part of the corn on Saturday, and the next morning went with Mr. Moseley to find the stolen corn; that they picked up broom corn along the road, and the last found was about 50 yards from the defendant's shed. That the sheriff was with them the last five or six miles, and they returned to the defendant's place, and Mr. Moseley claimed a part of the broom corn stacked up on baled broom corn in the defendant's shed as his property, and they hauled it away. That it weighed 423 pounds and was worth 10 cents a pound. That the other broom corn in the defendant's shed appeared to be dry; that he believed it was Moseley's broom corn that they found. On cross-examination he stated:

"I don't know whose broom corn it was."

L. W. Barnhill, sheriff, testified: That the corn taken from the defendant's shed was the same kind of corn they

had been picking up along the road. That Mr. Moseley identified it as his corn; they took possession of it; brought it back to Moseley's place. That one stall in the defendant's shed was full of baled corn and there was about 150 pounds of corn in the shed dry and ready to bale. That the defendant, Donaho, claimed all the corn in the shed was his broom corn.

There was a demurrer to the evidence and motion for directed verdict, which were overruled.

On the part of the defendant, ten witnesses testified.

Robert Weeks testified that he was a farmer living near Antioch; had been working for the defendant two or three months; was present when the sheriff and two or three men came there; that he helped to cut and haul the broom corn in the defendant's shed, and the corn the sheriff and the other men took away was part of the corn that he had cut and hauled from the field to the shed.

Carroll Holley testified: That he was a farmer, and lived near neighbor to Mr. Donaho. Had been helping the defendant for several weeks to harvest his broom corn crop, four or five cuttings. That while they were baling corn that week, it rained, and the loose broom corn was spread out, so that it wouldn't heat.

E. S. Rawson testified that he worked for the defendant's son; was present when the sheriff and other men came there; and he had helped to bale broom corn on the Friday before, when it rained, and the loose broom corn was placed in the shed.

Bob Cascar testified that he lives on a farm near Lindsay; threshed broom corn five or six times this year, for the defendant; was there when the sheriff came; that

he had been raising broom corn for twenty years; that he did not know of any way to distinguish a difference between corn of like grades.

Several of the witnesses testified that they knew the general reputation of the defendant, Donaho, in that community, as to being an honest, law-abiding, truthful citizen, and that his reputation was good.

W. R. Donaho, a son of defendant, testified that he was a farmer, living nearby his father; that he had about six cuttings of broom corn this season, and kept part of his broom corn in his father's shed; that he had helped to bale about seventy-five bales for his father; that none of witness's corn was in the shed when the sheriff was there.

As a witness in his own behalf, the defendant, Donaho, testified: That his age was 56 years, had been farming 35 years, raising corn, cotton, and broom corn. That he had 35 acres of broom corn this season, which he began to harvest about August 1st. That he had been raising broom corn for about 15 years, mostly Spanish corn of different grades. That when the sheriff came there, he said: "Moseley has lost some corn, and he claims he found it in your shed." They went to the shed, and he told the sheriff: "All the broom corn in that shed is my corn. It came out of my field, here on my farm." That the corn the sheriff took was rained on, and had been spread out to dry. That he did not go over to Mr. Moseley's or Mr. Crawford's at any time to get broom corn to put in his shed. That they took away he would judge 250 or 300 pounds of his loose broom corn.

It is duly certified in the bill of exceptions that:

"Be it remembered that on the 27th day of September, 1934, arguments were made to the jury duly impaneled by

the county attorney of Garvin county, Okla., and Harold Freeman, special prosecutor for the state, and by Sam J. Goodwin, attorney for the defendant, and that in said arguments, county attorney referred to the defendant as being a cunning thief who stole only such things as were hard to identify and that he had been a thief all his life and that he had known the defendant for the past twenty years and that he had always been a thief.

"That the county attorney and the special prosecutor for the state of Oklahoma, in their arguments to the jury, called particular jurors by their names in an intimate manner and referred to G. W. Donaho as a robber and a thief and stated that if the jury had any backbone or respect for the county attorney and the laws of the state of Oklahoma that they would return a verdict of 'guilty'; and that they should do their duty as they would want it done had it been their property that this defendant had stolen and robbed instead of the prosecuting witness.

"To which remarks the defendant, G. W. Donaho, excepted and demanded that the court reporter be called for the purpose of making a record of the same as said remarks were inflammatory and prejudicial to the rights of said defendant, which demand was refused by the district judge and exceptions were allowed.

"That the special prosecutor in his argument to the jury referred to G. W. Donaho as a thief who would not steal locomotives, horses or automobiles, but only such things as would be hard to identify, if not impossible to identify, and that he had been doing so all his life.

"To which remarks the defendant, G. W. Donaho excepted and demanded that the court reporter be called for the purpose of taking down and making a record thereof, which demand was refused by the district judge and exceptions were allowed.

"W. G. Long, District Judge."

Under section 3821, St. 1931, when timely request is made the court should direct the court reporter to take

the argument of counsel. Smith v. State, 34 Okla. Cr. 318, 246 Pac. 883.

While prosecuting attorneys are not expected to maintain a judicial impartiality, yet it is their duty to present a case fairly and justly. Obviously the remarks of the prosecuting attorneys in this case were highly improper as statements of facts not in evidence before the jury, and the court erred in overruling the objections thereto. Thurmond v. State, 57 Okla. Cr. 388, 48 Pac. (2d) 845.

The defendant in the trial of the case put his character in issue, and the testimony showng that he bore a good reputation as a law-abiding citizen was not controverted, if we except the improper remarks made by the county attorney and the private prosecutor, in their arguments to the jury.

It appears from the record the defendant had lived in that community for many years, and that he had never before been charged with crime.

Considering the doubtful character of the testimony introduced against the defendant, we are of opinion that the improper remarks of the prosecuting attorneys in their arguments to the jury, and the erroneous rulings of the court thereon, probably determined the verdict.

It follows that the judgment should be, and the same is, hereby reversed.

DAVENPORT, P. J., and EDWARDS, J., concur.