## H. L. POOLER v. STATE.

No. A-9630.    July 24, 1940.
Judgment Modified on Rehearing Sept. 11, 1940.
(104 P. 2d 733; 105 P. 2d 553.)

E. N. Jones, of Ada, and Rittenhouse, Webster & Rittenhouse, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis Morris, Co. Atty., and John Eberle, Asst. Co. Atty., both of Oklahoma City, for defendant in error.

JONES, J. The defendant, H. L. Pooler, was by information charged in the district court of Oklahoma county on September 16, 1938, with driving an automobile while under the influence of intoxicating liquor; was convicted and sentenced to serve a term of nine months in the state penitentiary, from which judgment and sentence he appeals to this court.

The defendant contends that:

(1) The trial court erred in refusing to direct a verdict of acquittal or to grant a new trial.

(2) That the punishment assessed is excessive and justice requires that the judgment be modified and reversed.

The only reason given by the defendant for his first contention is that the evidence was not sufficient to sustain a conviction. However, since the defendant upon being taken to the police station pleaded guilty to drunkenness, the only question is whether or not there was sufficient

evidence to justify the jury in finding that the defendant was driving his automobile.

Defendant, Pooler, and his brother-in-law, Charley Rowan, were riding in defendant's automobile when it struck the parked car of Ted Smith on South Robinson street in Oklahoma City, causing only slight damage. Pooler's car was not stopped at the scene of the accident, but was followed by Smith in his car with John Register driving. Smith overtook defendant at Southwest 29th street and Douglas. The honking of Smith's automobile attracted the attention of Scout Car Officers Brott and Arrion who testified that defendant was driving and when they attempted to question him he was slumped over the wheel in a drunken condition. Rowan, defendant's brother-in-law, stated to the officers that defendant would not let him drive.

Smith, testifying for the defendant, stated: "I didn't see nobody myself driving the car."

Charley Rowan testified that he was driving the car for the defendant at the time of the accident and at the time the car was overtaken by Smith and Register. He admits telling the officers that defendant was driving, but says that he was scared of being arrested.

John Register, who was driving for Smith in the chase, stated that Rowan was driving the automobile.

Defendant admits being drunk, but denied that he was driving. He makes many conflicting statements on cross-examination, which are strong evidence of guilt.

This court held in Sanders v. State, 46 Okla. Cr. 293, 287 P. 846:

"Where the evidence is conflicting, the weight of the evidence and the credibility of the witnesses is for the jury. This court will not substitute its judgment for that

of the jury and the trial judge when there is evidence tending to support the conclusions arrived at by the jury." Curry v. State, 54 Okla. Cr. 225, 17 P. 2d 521; Pickett v. State, 35 Okla. Cr. 60, 248 P. 352; Horn v. State, 13 Okla. Cr. 354, 164 P. 683; Clark v. State, 37 Okla. Cr. 89, 256 P. 941.

It is argued that the punishment is excessive. The punishment is fixed by statute at a fine not to exceed $2,000 and confinement in the penitentiary not to exceed one year. Section 10324, O. S. 1931, 47 Okla. St. Ann. § 93. The proof here was that the defendant was drunk the night before and had driven his automobile into a ditch near Blanchard where he was forced to spend the night. The next morning he started drinking again. The proof further shows that the defendant, in November, 1935, had pleaded guilty to a charge of driving an automobile while under the influence of intoxicating liquor and had paid a fine therefor. If this was the defendant's first offense, since very little property damage and no physical injury was sustained, and no exceedingly fast or reckless driving was proven, this court in the furtherance of justice might have modified this sentence; but a sentence of nine months under the circumstances herein for a second offender is not excessive.

The courts of this land must give protection to motorists lawfully using our highways against the driver who becomes intoxicated and drives about the street endangering others. The automobile in the hands of such a driver is an exceedingly dangerous weapon, and a strict and salutory punishment should be meted out to such a person when apprehended. If it is a second offense, the punishment by imprisonment in the state penitentiary up to the maximum provided by the law in such cases is not too severe. The punishment depends, of course, upon the facts in each particular case.

No material error appearing in the record, it is ordered that the judgment and sentence of conviction of the district court of Oklahoma county be affirmed.

DOYLE, P. J., concurs. BAREFOOT, J., absent.

On Rehearing.

JONES, J. On further presentation of this cause upon the petition for rehearing, the court is of the opinion that the facts and peculiar circumstances of this case requires a modification of the sentence imposed on the defendant.

It is, therefore, ordered that the sentence of nine months imprisonment in the state penitentiary be and the same is hereby modified by reducing said sentence to a fine of $300 and costs of this action.

The judgment of the district court of Oklahoma county, as modified, is hereby affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.