### MAYNARD ARTHUR COULSON v. STATE.

No. A-10240. March 8, 1944.

(146 P. 2d 847.)

234

Robert E. Shelton, of Oklahoma City, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Maynard Arthur Coulson, was charged in the county court of Grady county with the offense of driving an automobile on a public highway while under the influence of intoxicating liquor; a jury was waived; the defendant was tried, convicted, and sentenced to pay a fine of $50 and has appealed.

The only contention presented by defendant is that the evidence is wholly insufficient to sustain a conviction, for the reason that the proof does not show beyond a reasonable doubt that the defendant was under the influence of intoxicating liquor on the occasion in question.

The state used two witnesses. The highway patrolman who arrested the defendant testified that he was parked near the city limits of the city of Chickasha on highway No. 81. That he and his companion saw defendant's car pass at a rapid speed. As it went south down the highway it was weaving in the road. His testimony in this connection is as follows:

"Q. (By County Attorney) You said it was weaving. What do you mean by that? A. He drove off the road on

the right hand side and over the center line on the left hand side—not once, but several times. Q. On the right hand side, he drove off the pavement? A. That's right. * * * Q. Tell the court in what manner you arrested Mr. Coulson? A. We drove up behind him and turned on the spotlight and red light and siren and he came to a stop. I don't remember how long it took him, but he did stop, and we took him out of the car and found he was under the influence of intoxicating liquor and placed him in the patrol car and brought him back to Chickasha and placed him in the Grady county jail. Q. Now, can you describe his physical condition at that time with reference to his speech? A. Well, his speech wasn't so terribly bad. It wasn't normal, but he could talk fairly well. He didn't have any difficulty in talking. Q. Can you tell the court upon what facts you base your statement that he was driving his car under the influence of intoxicating liquor? A. His breath smelled of intoxicating liquor, his eyes were bloodshot, and he staggered. Q. Was his condition such that would interfere with his method of driving a car? A. I would say it did."

The patrolman further testified that he did not know the defendant prior to that date.

The jailer testified that the highway patrolman brought the defendant to the jail sometime after midnight. That he smelled intoxicants on defendant's breath. As to the condition of the defendant, the jailer testified:

"Q. (By County Attorney) What is your opinion as to whether Coulson was or was not under the influence of liquor at the time you saw him downstairs at the time you talked to him and dressed him in. A. Well, I would have to say he was under the influence of liquor. I smelled it on his breath, but I can't tell you the extent."

The defendant testified in his own behalf and admitted several prior convictions for violations of the prohibitory liquor laws. He denied that he was intoxicated at the time

of his arrest and claimed that he had only one bottle of beer to drink about 10:00 p. m.

A mechanic who worked on defendant's car shortly before he was arrested testified that he observed the defendant and that in his opinion the defendant was not under the influence of intoxicatiing liquor.

The wife of the mechanic testified that she saw the defendant with her husband while he was fixing the car, and that she did not see him stagger, nor say or do anything which would indicate that he was under the influence of intoxicating liquor.

There is a dispute in the evidence. Under the evidence of the state the defendant is guilty of the crime charged. It is established law that where a jury is waived, the judgment of the trial court, upon a disputed question of fact, will be sustained on appeal where there is any competent evidence in the record to reasonably support his finding. Heald v. State, 78 Okla. Cr. 130, 145 P. 2d 206; Pooler v. State, 70 Okla. Cr. 199, 104 P. 2d 733, 105 P. 2d 553; Ramey v. State, 69 Okla. Cr. 257, 101 P. 2d 856, 857; Sweat v. State, 69 Okla. Cr. 229, 101 P. 2d 648.

The judgment and sentence of the county court of Grady county is affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.