THOMAS JEFFERSON PEBWORTH v. STATE.

No. A-10956.   Nov. 10, 1948.

(199 P. 2d 621.)

98

H. M. Shirley, of Coalgate, and James H. Mathers, of Tupelo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. This is an appeal from the county court of Coal county, Okla., in a case wherein the defendant was charged, tried, convicted and sentenced to pay a fine of $1 and the costs for the crime of driving his automobile on the public highways of said county while under the influence of intoxicating liquor.

Two highway patrolmen testified that the defendant was under the influence of liquor. The defendant and Tom Smoot, who was riding with him at the time of his arrest, testified that he was not under the influence of intoxicating liquor. This issue the jury resolved against the defendant.

In the case of Chapman v. State, 84 Okla. Cr. 41, 178 P. 2d 638, 639, this court said:

"Where the evidence is conflicting and different inferences may be drawn therefrom, it is the province of the jury to weigh the same and determine the facts. Where the evidence is substantial, though conflicting, the Criminal Court of Appeals will not reverse the same on the ground of insufficiency."

See, also, Butler v. State, 87 Okla. Cr. 369, 198 P. 2d 221; Sadler v. State, 84 Okla. Cr. 97, 179 P. 2d 479, Ray v. State, 86 Okla. Cr. 68, 189 P. 2d 620, and Pooler v. State, 70 Okla. Cr. 199, 104 P. 2d 733, 105 P. 2d 553; and in Sweat v. State, 69 Okla. Cr. 229, 101 P. 2d 648, 649, wherein this court said:

"This court will not reverse a conviction upon the ground that the evidence is insufficient to sustain the same, unless there is no testimony in the record from which the jury could reasonably conclude that the defendant was guilty, there being no contention that the jury was influenced by improper motives in arriving at the verdict."

And numerous other decisions to this effect.

The facts are entirely sufficient upon which to support the conviction, judgment and sentence, but the jury may have been influenced by improper motives in arriving at its verdict. The defendant predicates his right to reversal on such a theory. The record reveals that in his closing argument to the jury the county attorney went outside the record in relation to the facts of a prior drunk-driving case and said:

"* * * Less than three weeks ago a man died in the gutter a short distance from this court house" * * * Objected to, overruled and exceptions allowed. "Because the man was drunk and run the man down and killed him."

The record reveals the county attorney further said:

"I would not have to be here today prosecuting these cases, if it were not for such men as he, driving our highways, violating the laws of the land. You would not have to be on this jury. You know why the Highway Patrol was created. Because our sheriffs and constables did not have to patrol our highways, and there were too many drunken driving caused accidents on the highway. We had to do something to stop it.

"Gentlemen of the Jury, when this gentleman down here was run down and killed, the man did not even stop. He kept on going. This was radioed by operators to these patrol cars and in less than 30 minutes he was apprehended and charges filed.

"Do you believe in law enforcement or not. It is up to you. If you want to turn this man loose to drive up and down our highways here while under the influence of intoxicating liquor, and he is likely to run over somebody and kill them—why, turn him loose, let him go. Let him run them down; I don't care.

"Any man that drives while drunk is not entitled to a license; he is not entitled to run down women, little children and families."

The reference to another case in which some one was killed was clearly outside the record and highly prejudicial. To this line of argument the defendant interposed his objection, which objection was overruled and to which he excepted. In addition thereto, he asked the court to admonish the jury to disregard any remarks of the county attorney with reference to other automobile accidents in the county, whereupon the county judge stated: "The jury should consider the facts in this case. Overruled and exceptions allowed". This court held in Donaho v. State, 58 Okla. Cr. 198, 51 P. 2d 348:

"Argument of counsel outside of the evidence, which is highly improper and intended or calculated to influence the minds of the jury against the defendant, should be properly checked upon objection made, and where the trial court overrules the defendant's objections and refuses to instruct the jury to disregard such statements, and it appears that such improper argument may have determined the verdict, the judgment will be reversed."

In Holcomb v. State, 16 Okla. Cr. 1, 166 P. 755, 758, this court said where in his closing argument to the jury:

"* * * counsel for the prosecution abuses his privilege and makes statements of material or prejudicial facts outside the evidence, or appeals to prejudices irrelevant to the case, it is the duty of the court to stop him then and there, and it is error for the court not to instruct the jury to disregard such statements. It is the duty of trial courts to see that no injustice is done to a person accused of crime on trial therefor by the improper conduct of counsel for the state, and to see that such person is tried according to the law and the evidence, * * *."

In view of the record and the verdict rendered in the case, it is our opinion the impropriety indulged in may have been such as to have influenced the verdict. Had the county attorney not gone outside the record and called to the jury's attention another case resulting in death, it is altogether probable that the jury might have rendered a verdict of not guilty. In Brower v. State, 26 Okla. Cr. 49, 221 P. 1050, 1051, this court said in relation to the county attorney's duty in the trial of a criminal case:

"It is well established in this and other courts that a prosecuting attorney in a criminal case represents the public; that he is a quasi judicial officer, charged as much with the duty of seeing that no innocent man suffers as of seeing that no guilty man escapes. It is his duty to see that nothing but competent evidence is submitted to the jury, and it is a grave breach of duty to seek by innuendo or artifice to procure a conviction by injecting into the case any material facts or conclusions not based upon the evidence adduced at the trial. Ewing v. State, 17 Okla. Cr. 690, 190 P. 274; Childs v. State, 13 Okla. Cr. 461, 165 P. 622; Gamblin v. State, 12 Okla. Cr. 381, 157 P. 367; Watson v. State, 7 Okla. Cr. 590, 124 P. 1101; Mulkey v. State, 5 Okla. Cr. [75] 76, 113 P. 532; 22 R.C.L. 104."

Moreover, in Kizer v. State, 67 Okla. Cr. 16, 93 P. 2d 58, 60, this court said:

"Where the record shows that counsel for the state, in the prosecution of a person charged with crime, has been guilty of conduct calculated to inflame the minds of the jury or prevent the accused from having a fair and impartial trial, convictions will be set aside, and a new trial granted."

To the same effect is the case of Bainum v. State, 45 Okla. Cr. 330, 282 P. 903, and Wallace v. State, 57 Okla. Cr. 50, 45 P. 2d 164.

It clearly appears that the statements made by the county attorney outside the record in the instant case may have inflamed the minds of the jury and influenced it to render a verdict of guilty and to assess the penalty of $1.00 and costs, which otherwise they may not have done. In any event when the county attorney went outside the record and attempted to inject into the case highly prejudicial facts in relation to another case, designed to inflame the minds of the jury, it was the duty of the court to admonish the jury not to consider such matter, and his failure so to do in the instant case constitutes reversible error. This case is therefore reversed and remanded for a new trial.

BAREFOOT, P. J., and JONES, J., concur.