## A. C. ROTHROCK v. STATE.

No. A.-10982.   May 25, 1949.

(206 P. 2d 1009.)

Raymond A. Trapp, of Blackwell, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A Wallace, Asst. Atty. Gen., and Raymond O. Craig, Co. Atty., Kay County, of Newkirk, for defendant in error.

BAREFOOT, J. The defendant, A. C. Rothrock, was charged in the county court of Kay county with the offense of being drunk in a public place; was tried and found guilty by the jury and his punishment left to the court. The court fixed the punishment at 30 days in the county jail, and the costs of the action, and defendant has appealed.

The state relied for a conviction upon the testimony of two police officers of Ponca City. They testified that about 4 o'clock in the morning of April 30, 1947, they observed an automobile on the streets of Ponca City, weaving from one side of the street to the other, and followed the car several blocks before stopping it. A man by the name of Anderson was driving the car, and the defendant and a man who gave his name as Jones were in the front seat with Anderson. As the officers walked up to the car after stopping it, one of the men, they did not know which one, poured out part of a bottle of whisky. The officers took the three men to the police station. They did not know the defendant was

in the car until it was stopped, and the occupants were making no disturbance. They did not know the defendant was drunk until they asked him to get out of the car. Both officers testified that defendant was "very drunk." They released the man who gave his name as Jones, and charged the defendant, the charging part of the information being:

"* * * that on or about the 30th day of April, A.D. 1947, in said county of Kay and state of Oklahoma, one A. C. Rothrock did then and there unlawfully, wilfully, wrongfully be and appear drunk in a public place, to-wit: in the streets and avenues of the city of Ponca City, Kay county, Oklahoma."

Defendant was charged and prosecuted under 37 O. S. 1941 § 8, which provides:

"* * * or if any person shall be drunk or intoxicated in any public or private road, or in any passenger coach, street car, or any public place or building, or at any public gathering or if any person shall be drunk or intoxicated and shall disturb the peace of any person, he shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than ten dollars, nor more than one hundred dollars, or by imprisonment for not less than five days nor more than thirty days, or by both such fine and imprisonment."

The defendant did not take the witness stand, and offered no testimony on his behalf.

For a reversal of this case, defendant sets out two propositions, as follows:

"I. Evidence proving defendant intoxicated while passenger in a private automobile and not creating any disturbance is not sufficient to convict person charged with being intoxicated in a public place.

"II. Sentence of 30 days in county jail for being intoxicated in a public place is excessive and oppressive

where evidence shows no disturbance or aggravation or any evidence of defendant's having threatened or attempted injury to person or property."

Counsel for defendant raises no question as to whether the evidence was sufficient to prove the defendant drunk at the time of his arrest, but confines his argument to the proposition that proof of the fact that he was intoxicated while riding in an automobile being driven by some other person, and while not disturbing the peace of any person, was not sufficient evidence that an offense had been committed under the statute making drunkenness in a public place a misdemeanor. After quoting the above section of the statute, defendant attempts to distinguish between being drunk or intoxicated "in" a public or private road, and "on" a public or private road, arguing that a person in a vehicle may be "on" the street, but not "in" the street.

From a reading of the statute it will be noted that it is a violation of the same for one to be drunk in numerous places, including any "public" place; and, also "if any person shall be drunk or intoxicated, and shall disturb the peace of anyone."

The charge in the instant case is with being drunk in a "public place," which is an offense under the statute. There was no evidence of a disturbance of the peace, and it was unnecessary to make this proof under the charge. It was sufficient to prove that defendant was drunk in a "public place." The fact that defendant was in a private automobile would not be a defense under the above statute where the evidence revealed that he was upon the public streets of the city of Ponca City. The argument that a person may be "on" the street, but

not "in" the street is very technical, and does not appeal to the court.

The case of Bristow v. State, 67 Okla. Cr. 355, 94 P. 2d 254, cited by the defendant, has no application, and the facts in that case are very different from the facts here presented. The officers in the instant case both testified that defendant was drunk at the time of his arrest, and one of the parties was pouring whisky out of a bottle at the very time the arrest was made. There was no. evidence to the contrary.

The facts in the case of Hodge v. State, 36 Okla. Cr. 126, 252 P. 854, relied upon by defendant, have no application to the case here under consideration.

As to the second proposition, we are inclined to agree with the Attorney General when he states, in his brief:

"The contention of defendant's counsel that the evidence did not justify the maximum sentence of thirty days in the county jail, is not wholly without merit."

There is no contention that the defendant here made any disturbance, and the officers admitted that they did not know the defendant was in the car, or drunk, until after they had stopped the car driven by another party. The court is, therefore, of the opinion that under the facts and circumstances of this case, the maximum jail sentence imposed upon the defendant was too severe.

Under our Code of Criminal Procedure, 22 O.S. 1941, § 1066, this court has the power to modify the judgment appealed from. Deskins v. State, 62 Okla. Cr. 314, 71 P. 2d 502; Pooler v. State, 70 Okla. Cr. 199, 104 P. 2d 733, 105 P. 2d 553. Without this power we would feel constrained to reverse the judgment for the reason that the punishment imposed was excessive.

It is, therefore, ordered that the sentence of 30 days in the county jail be and the same is hereby modified by reducing said sentence to a fine of $10 and costs.

The judgment of the county court of Kay county, as so modified, is affirmed.

JONES, P. J., and BRETT, J., concur.