## STEHRS v. STATE.

No. A-11664. Jan. 7, 1953.

Rehearing Denied Feb. 11, 1953.

(253 P. 2d 192.)

Tolbert & Gillespie, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, P. J.   Plaintiff in error G. G. Stehrs, defendant below, was charged by information in the county court of Kiowa county, Oklahoma, with the offense of driving a motor vehicle while under the influence of intoxicating liquor upon a public road and highway from a point unknown in Kiowa county, Oklahoma, to a point approximately 100 feet west of what is known as the Shady Grove beer tavern, thence southeast along said public road and highway to Shady Grove Beer Tavern.   The offense was alleged to have been committed on or about July 14, 1951.   The defendant was tried by a jury, convicted, his punishment assessed at a fine of $100; judgment and sentence entered accordingly, from which this appeal has been perfected.

This appeal involved but one question: Is the evidence sufficient to sustain the verdict of the jury?   Briefly, the evidence herein disclosed that two peace officers, Sheriff E. O. Peters and Constable A. A. Howl, were seated in their automobile in front of the beer tavern.   The beer tavern faced in a northeasterly direction and they were parked near the west end of the front of the beer tavern. It appears it was in the nighttime about the hour between 10:00 and 10:30 p. m. The defendant together with a passenger by the name of Hubert Ledbetter approached the beer tavern on the highway from the west going east and made what might be termed a U-turn into the tavern.   Constable Howl testified in substance that he observed the automobile approaching from the west approximately 150 yards away from the tavern.   He said the car was jumping along and weaving around and had a lot of trouble in that he would run up to the curb and drive back and up again and cut aound, and that those maneuvers went on quite a while.   This was in front of the beer tavern.   He further testified as

the automobile drove by with the aid of the lights from the beer tavern he was able to identify the defendant Stehrs who was driving the car. He further testified that when Mr. Stehrs got out of the car he had a beer bottle in his hand, and he came up to the sheriff with the bottle in his hand and set it in the pick-up truck in front of the tavern. He related further that the defendant did not talk naturally like a man should, that his tongue was affected and as he described it, "he reeled when he talked", that he smelled of an intoxicant or had the odor of alcohol upon his breath. He described the road west of the tavern as being sandy. He definitely stated that the defendant was drunk.

Sheriff E. O. Peters testified to the fact that his car was parked at the west end of the beer tavern, and he and Constable Howl were sitting in the car when they observed the defendant's automobile approaching from the west and that as it came in his direction it was jumping and jiggling, and when he pulled in front of the beer tavern he had to back up several times but finally got his car in between the two automobiles to his right and left; that he got out and left his lights on. When he drove up he observed that the driver of the automobile was the defendant Stehrs. When defendant got out of his automobile he had a bottle of beer in his hand, that as he approached he was wobbly and could not walk good and in the witness' opinion he was drunk. The sheriff further related that his breath smelled like alcohol and it was his opinion that the defendant was drunk. Constable Howl testified he did know that the automobile was a Chevrolet but he did not know what model it was. Sheriff Peters testified on having his memory refreshed, that it was a 1946 Chevrolet coach automobile as described in the information.

The defendant testified in his own behalf. He stated that the road from the west toward the beer tavern was "washboardy" and sandy road and that accounted for his maneuvers as he approached the tavern. In this testimony he stood alone. All the other witnesses testified the road was sandy. None of them testified that it was "washboardy" or rough. The defendant testified he was not intoxicated. He did not offer as a witness the person who was riding in the automobile with him. A witness by the name of L. L. Jimeson who testified he was working at the tavern at the time in question and that he was talking to the officers when the car drove up and parked, testified the defendant was not drunk, that he saw him walk aound his automobile and there was nothing unusual in his walk. On cross-examination he related that he did not observe the defendant's automobile as it approached the tavern, and said he was not close enough to the defendant's person to observe the condition of his breath relative to intoxicants.

The defendant testified that his purpose in going to the beer tavern was for the reason that his hired hand Hubert Ledbetter wanted to see Charley Boyd about doing some work seining minnows for him. He did not offer any explanation as to why Hubert Ledbetter was not called as a witness. In substance, the foregoing constitutes the evidence in the case. To the evidence of the state the defendant interposed a demurrer and also asked the court for a directed verdict at the conclusion of the trial, both of which were overruled with exceptions. The foregoing evidence was sufficient to constitute an issue of fact for the determination of the jury, and the trial court did not err in refusing to sustain the defendant's demurrer or to direct a verdict for the defendant. Such has been the repeated holding of this court. In Butler v. State, 87 Okla. Cr. 369, 198 P. 2d 221, we said:

"Where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, Criminal Court of Appeals will not interfere with verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the

exclusive province of the jury to weigh the evidence and determine the facts Chapman v. State, 84 Okla. Cr. 41, 178 P. 2d 638, 639; Sadler v. State, 84 Okla. Cr. 97, 179 P. 2d 479; Ray v. State, 86 Okla. Cr. 68, 189 P. 2d 620; Pooler v. State, 70 Okla. Cr. 199, 104 P. 2d 733, 105 P 2d 553, and numerous other authorities to this effect.

For the above and foregoing reasons the judgment and sentence herein is accordingly affirmed.

JONES and POWELL, JJ., concur.