784 P.2d 287

**The STATE of Arizona, Appellee,**

v.

**Manuel A. CASTELLANO, Appellant.**

**No. 2 CA–CR 89–0316.**

Court of Appeals of Arizona,
Division 2, Department A.

Dec. 5, 1989.

As Corrected Dec. 7 and Dec. 13, 1989.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Jack Roberts, Phoenix, for appellee.

Dickerson and Rheinheimer by Edward G. Rheinheimer, Sierra Vista, for appellant.

OPINION

HOWARD, Judge.

Appellant was convicted by the court, sitting without a jury, of knowingly possessing cocaine, a class 4 felony. Sentence was suspended and appellant was placed on four years' probation and fined $2,000 plus a 37 percent surcharge of $740, payable in monthly installments.

FACTS AND PROCEDURE

At approximately 9:00 p.m. on November 5, 1988, Officer William C. McRaney from the Department of Public Safety (DPS) was traveling in a marked patrol car eastbound on State Route 90 between Sierra Vista and San Pedro. He saw a light color 1985 Dodge traveling in the westbound lane

with its right headlight badly out of adjustment. He made a U-turn and followed the car, which had pulled over to the right side of the road without any action on the part of the officer. As the officer pulled up behind the vehicle and stopped, McRaney activated the emergency lighting on the police vehicle.

A male, later identified as Nathaniel Hickman, emerged from the driver's side and walked around to the right passenger side, where the appellant was seated. The interior light of the car came on, and appellant and Hickman walked to the right front of the vehicle. Appellant squatted in front of the right headlight with a screwdriver and it appeared as though he was attempting to make some adjustments on the headlight with Hickman's help. McRaney got out of his vehicle, walked to the right front of the Dodge and asked Hickman and appellant who was driving the vehicle. Both responded that they were not driving. After that response McRaney told Hickman and appellant that until he knew who the driver was the car was not moving. Appellant did admit that the car was his and showed McRaney the registration. A third person, George Ramirez, was in the backseat of the car.

McRaney took the registration and returned to his patrol car to call for the assistance of another officer. While McRaney was doing this, appellant was working on the right headlight with a screwdriver. Before assistance arrived, McRaney determined by radio that the driver's licenses of both Hickman and appellant were suspended.

Within 10 minutes after McRaney's radio request, Officer Dopadre arrived, followed within minutes by Sheriff's Deputy Dannels, who went over to where McRaney and Hickman were talking. McRaney took Hickman, the driver, back to his patrol car to question him. Because McRaney was talking with Hickman, Dopadre walked over to appellant. Dopadre asked him who was driving and appellant replied that it

was not he. Dopadre detected a strong odor of alcohol on appellant's breath. He then walked over to the right passenger side of the automobile to speak to Ramirez, the man in the backseat. Looking through the open right front passenger window, Dopadre saw two Budweiser cans upright in the middle of the floorboard on the passenger side. He reached through the open window and felt that they were cold. Dopadre walked back to appellant and asked to whom the beers belonged. Appellant replied that one of them was his and he did not know to whom the other belonged. DPS Officer Drummond had just arrived on the scene and overheard this conversation between appellant and Dopadre. Dopadre arrested appellant for violating A.R.S. § 4–244(20) and searched him. The search revealed a baggie of white powder that ultimately proved to be cocaine. Dopadre then handcuffed appellant and gave him Miranda warnings. There was no evidence that either Dannels or Drummond asked appellant anything.

Appellant waived his right to trial by jury and agreed to submit the matter to the court, which the court heard in the form of a motion to suppress. After denying the motion to suppress and pursuant to the stipulation of the parties, the court decided the issue of guilt based on the evidence produced at the motion and found appellant guilty.

## CONTENTIONS OF THE PARTIES

Appellant contends the trial court erred in denying his motion to suppress his admission that one of the beer cans was his because of the failure of the officers to give him his Miranda warnings.[1] He also argues that A.R.S. § 4–244(20) does not apply to a passenger in a motor vehicle on the highway.

The state contends that all that was involved was a routine traffic stop and that under such circumstances a Miranda warning is not necessary. It also contends that the plain language of A.R.S. § 4–244(20) demonstrates its applicability to the situation here.

---

**1.** Granting of the motion would have meant that his arrest for violation of A.R.S. § 4–244(20) was unlawful and that any evidence seized after this unlawful arrest, to-wit the cocaine, would necessarily have to be suppressed.

## DISCUSSION

### The Necessity for a Miranda Warning.

Guidance for the resolution of this issue can be found in the case of *Pennsylvania v. Bruder*, 488 U.S. 9, 109 S.Ct. 205, 102 L.Ed.2d 172 (1988). There, a police officer observed Bruder driving erratically along a state highway. The officer stopped Bruder's vehicle and, after smelling alcohol and observing stumbling movements, administered a field sobriety test. The officer also asked Bruder if he had been drinking and Bruder admitted that he had. Bruder was administered and failed the sobriety test, was placed under arrest and then given the Miranda warnings. The court held that his admission of drinking was admissible even though no Miranda warning had been given prior to eliciting this admission. The *Bruder* Court relied on its previous case of *Berkemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984) where the Court held that a Miranda warning need not be given when persons are temporarily detained pursuant to an ordinary traffic stop.

The *Bruder* Court stated:

The facts in this record, which Bruder does not contest, reveal the same noncoercive aspects as the *Berkemer* detention: "a single police officer ask[ing] respondent a modest number of questions and request[ing] him to perform a simple balancing test at a location visible to passing motorists." 468 U.S., at 442, 104 S.Ct., at 3151 (footnote omitted). Accordingly, *Berkemer's* rule, that ordinary traffic stops do not involve custody for purposes of *Miranda*, governs this case. — U.S., at —, 109 S.Ct., at 207, 102 L.Ed.2d, at 176–77.

■ Applying *Berkemer* and *Bruder* to the case sub judice, we note that although these cases involved only one police officer at the scene, we do not believe that the number of officers is conclusive on the issue of coerciveness. The totality of the circumstances must be considered in these traffic stops to determine whether a Miranda warning is required. Here, the period of detention was brief, appellant and Hickman were not placed in any patrol vehicles and questioned, but were most of the time moving about and tinkering with the right headlight. They were also on a public highway in plain view at all times. Only two of the officers asked any questions, and appellant was asked only three: who owned the car, who was driving and to whom did the beers belong? Under these circumstances we do not believe that a Miranda warning was necessary.

### The Applicability of A.R.S. § 4–244(20).

■ The above statute states that it is unlawful:

For a person to consume spirituous liquor from a broken package in a public place, thoroughfare or gathering. The license of a licensee permitting a violation of this paragraph on the premises shall be subject to revocation. This paragraph does not apply to the sale of spirituous liquors on the premises of and by an on-sale retail licensee. This paragraph also does not apply to a person consuming a malt beverage from a broken package in a public recreation area or on private property with permission of the owner or lessor or on the walkways surrounding such private property.

A "broken package" is defined in A.R.S. § 4–101(4) as follows:

"Broken package" means any container of spirituous liquor on which the United States tax seal has been broken or removed, or from which the cap, cork or seal placed thereupon by the manufacturer has been removed.

Appellant posits two reasons for his contention that A.R.S. § 4–244(20) does not apply to a passenger inside a car traveling on a public highway. First, he argues that the statute obviously does not apply to such a situation because if it did, A.R.S. § 4–244(22) would be superfluous. We do not agree. Subparagraph 22 makes it unlawful "[f]or a person to operate a motor vehicle on any highway while consuming spirituous liquor." There is a difference between the two statutes. Subparagraph 20 is a "broken package" statute. It forbids, for example, a person from drinking out of an open beer can or swigging whiskey from a bottle. Under subparagraph 20 a driver of a vehicle could be drinking

**464**

martinis from a thermos bottle and not be in violation of the statute, but he would violate subparagraph 22 which does not depend on the type of container from which the drinks are being taken.

His second argument is that it is illogical to apply the statute to a passenger in a private vehicle while traveling on the highway. We do not agree. The language of the statute is plain and unambiguous. There is no doubt that a highway is both a public place and a public thoroughfare. Courts in other jurisdictions dealing with statutes involving drinking or drunkenness in public have held them to be applicable to persons inside private vehicles on public highways. See *Berry v. City of Springdale*, 238 Ark. 328, 381 S.W.2d 745 (1964) (persons sitting in motor vehicle 10 to 25 feet from traveled portion of a highway were in a public place); *Thompson v. State*, 153 Miss. 593, 121 So. 275 (1929); *Rothrock v. State*, 89 Okl.Cr. 262, 206 P.2d 1009 (1949) (passenger in a private automobile on a public highway was in a public place).

For the foregoing reasons the judgment is affirmed.

ROLL, P.J., and HATHAWAY, J., concur.